In the Matter of JERALD D. WERLIN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, August 19, 1991

### APPEARANCES OF COUNSEL

*Robert H. Straus (Robert J. Saltzman* of counsel), for petitioner.

*Nathan R. Sobel* for respondent.

### OPINION OF THE COURT

Per Curiam.

In this proceeding the Special Referee sustained the two

charges of professional misconduct alleged against the respondent. The petitioner moved to confirm the report of the Special Referee. The respondent also moved to confirm the report, but requested that this court dismiss Charge One only to the extent that it charges that the respondent is guilty of a "serious crime".

Charge One alleged that on or about July 14, 1986, the respondent was convicted of criminal contempt of court, a "serious crime" as defined by section 691.7 (b) of the rules of this court (22 NYCRR 691.7 [b]).

Charge Two alleged that the respondent, during pretrial proceedings and the jury trial of a criminal case in Supreme Court, Kings County, engaged in undignified and discourteous conduct which was degrading to the tribunal. The respondent accused the Judge presiding over the case of, *inter alia*, making "bad law", bias and prejudice, taking over the prosecution of the case, helping the District Attorney secure a conviction, sabotaging the defendant's case, and protecting a prosecution witness. The respondent also disobeyed the Judge's direction to continue a hearing, and exited the courtroom in contravention of the Judge's explicit direction to remain.

After reviewing all of the evidence, we are in agreement with the report of the Special Referee sustaining the two charges of professional misconduct. The respondent is guilty of the misconduct outlined above. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted. The respondent's motion is denied to the extent that it seeks to dismiss Charge One, and it is otherwise granted.

In determining an appropriate measure of discipline to be imposed, we have considered the respondent's previously unblemished record, the fact that he immediately recognized that his conduct was wrong and apologized to the Judge, and that he has already been punished for his crime. Accordingly, the respondent is censured for his professional misconduct.

MANGANO, P. J., THOMPSON, BRACKEN, KUNZEMAN and MILLER, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted and that branch of the respon-

dent's motion which is to dismiss Charge One to the extent that it charges him with a "serious crime" is denied and the motion is otherwise granted; and it is further,

Ordered that the respondent, Jerald D. Werlin, is hereby censured for his professional misconduct.