[606 NYS2d 607]

In the Matter of WILLIAM M. KUNSTLER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 28, 1993

### APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Ronald L. Kuby* and *Arthur Kinoy* for respondent.

### OPINION OF THE COURT

Per Curiam.

Petitioner, the Departmental Disciplinary Committee (DDC), seeks an order confirming the findings of fact of a Hearing Panel and imposing an appropriate sanction.

Respondent William M. Kunstler was admitted to the prac-

tice of law by the Second Judicial Department on December 15, 1948 and at all times relevant herein has maintained an office for the practice of law within the First Judicial Department. In 1990, respondent was retained to represent Yusef Salaam, one of the defendants in the Central Park jogger case, after the jury's verdict but before sentencing. Thereafter, respondent was held in summary criminal contempt for his conduct during a court appearance on behalf of Yusef Salaam and sentenced to a $250 fine or 30 days in jail. The circumstances of the contempt are set forth in this Court's opinion confirming that finding. (Matter of Kunstler v Galligan, 168 AD2d 146, affd 79 NY2d 775.) On the basis of respondent's conduct, the DDC filed a "serious crime" petition. This Court determined that the crime of which respondent was convicted is a "serious crime" under Judiciary Law § 90 (4) (d) and referred the matter to the DDC for a hearing and a recommendation and report.

The majority of the Hearing Panel noted prior instances of contumacious conduct, dating back more than 20 years, on the part of respondent. However, in light of respondent's "long history of strenuous advocacy in stress-filled situations" and "the absence of any other blot on a distinguished (albeit controversial) career," the majority viewed his contumacious conduct before Justice Galligan as aberrational and concluded that such conduct should be examined independently of respondent's "earlier indiscretions." While the majority report concluded that the misconduct did not warrant a suspension, it found the misconduct too serious and the proffered mitigation so insufficient to permit respondent to go unpunished. In addition, the report stated that to impose no public sanction "would be to ignore the public context in which this proceeding arose and was heard, and the substantial risk that continued silence on this matter would be viewed as a determination that no disciplinary violation occurred." Thus, the majority recommended a "public reprimand" even though it recognized that such a sanction is not expressly authorized. A dissenting Panel member recommended public censure, the minimum authorized public sanction. (See, Judiciary Law § 90 [2].)

Respondent agrees that the findings of fact should be confirmed but requests that no sanction be imposed. He compares this matter to one involving an Assistant District Attorney whom this Court did not sanction after he was held in contempt for disobeying a court order to remove himself from the well area of the courtroom. There are, however, significant

differences between the two cases, both in the degree of the misconduct upon which the disciplinary charges are based and in the respondents' histories of prior misconduct in the courtroom. In the circumstances of this matter a public censure is warranted.

SULLIVAN, J. P., CARRO, WALLACH, ROSS and KASSAL, JJ., concur.

Respondent is publicly censured.