[628 NYS2d 323]

In the Matter of RICHARD L. GIAMPA, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 22, 1995

## APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains *(Etta M. Biloon* and *Faith Lorenzo* of counsel), for petitioner.

*Beldock, Levine & Hoffman,* New York City *(Myron Beldock of counsel),* for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the Special Referee sustained Charges One, Two, Three, Four, Six, Seven, Eight, Nine, and Ten and failed to sustain Charge Five and that portion of Charge Seven as relates to Charge Five. The petitioner now moves to confirm the report of the Special Referee, in part, vis-à-vis the charges sustained, and to disaffirm to the extent of the charges which were not sustained by the Special Referee. The respondent cross-moves to confirm in part and disaffirm in part.

Charge One alleged that the respondent was convicted of a serious crime within the meaning of 22 NYCRR 691.7 (b). By order dated November 8, 1985, the Honorable Daniel P. Fitz-Gerald, Justice of the Supreme Court, New York County, adjudged the respondent to be in criminal contempt of court, an unclassified misdemeanor, based upon his willful disobedience of a lawful order of the court and a course of willful, unlawful, and contumacious behavior in the presence of the court during the case of *People v Everett Curry.*

Charge Two alleged that the respondent engaged in conduct prejudicial to the administration of justice in violation of Code of Professional Responsibility DR 1-102 (A) (5) and conduct that reflects adversely on his fitness to practice law in violation of DR 1-102 (A) (7) (now [8]), based on the conduct set forth in Charge One.

Charge Three alleged that the respondent was convicted of a serious crime within the meaning of 22 NYCRR 691.7 (b). In or about May 1982, the Honorable George D. Covington, Justice of the Supreme Court, Bronx County, adjudged the respondent to be in criminal contempt of court, an unclassified misdemeanor, based upon his willful, unlawful, and contumacious behavior in the presence of the court during the case of *People v Luis Soto.*

Charge Four alleged that the respondent engaged in conduct prejudicial to the administration of justice in violation of DR 1-102 (A) (5) and conduct that adversely reflects on his fitness to practice law in violation of DR 1-102 (A) (7) (now [8]), based on the conduct set forth in Charge Three.

Charge Five alleged that the respondent engaged in conduct prejudicial to the administration of justice in violation of DR 1-102 (A) (5) and conduct that adversely reflects on his fitness to practice law in violation of DR 1-102 (A) (7) (now [8]). During the course of the criminal trial *People v Francisco Torres, Also Known as Alfredo Maldonado,* the Honorable Gerald Sheindlin, Justice of the Supreme Court, Bronx County, adjudged the respondent to be in criminal contempt of court.

By decision dated April 16, 1990, Justice Sheindlin reiterated his finding of contempt and awarded the respondent only $1,200 towards a requested fee of $3,927.50, upon the ground that the respondent had engaged in a pattern of contemptuous behavior during the course of the trial. By Notice of Petition and Petition dated August 3, 1990, the respondent commenced a CPLR article 78 proceeding to review the fee award. By decision and order dated November 14, 1991, the Appellate Division, First Judicial Department, unanimously dismissed the respondent's petition. The respondent's motion for leave to appeal to the Court of Appeals was denied by order dated February 18, 1992.

Charge Six alleged that the respondent engaged in conduct prejudicial to the administration of justice in violation of DR 1-102 (A) (5) and conduct adversely reflecting on his fitness to practice law in violation of DR 1-102 (A) (7) (now [8]) during the course of his representation of Gerald Miller, who was being tried in the Supreme Court, Queens County, before the Honorable John Leahy. During pretrial hearings in 1988, the respondent engaged in such conduct as accusing Judge Leahy of bias, of prosecuting the case more vigorously than the prosecutor, of making up facts, and of making a "bogus decision".

During the course of the trial in *People v Gerald Miller,* respondent engaged in *ad hominem* attacks on the Judge's personal integrity and in disruptive courtroom behavior.

Charge Seven alleged that the respondent engaged in undignified and discourteous conduct which is degrading to a tribunal in violation of DR 7-106 (C) (6) based on the allegations set forth in Charges One, Three, Five, and Six.

Charge Eight alleged that the respondent was convicted of a serious crime within the meaning of 22 NYCRR 691.7 (b). By order dated December 15, 1992, the Honorable Leslie Crocker Snyder, Justice of the Supreme Court, New York County,

adjudged the respondent to be in criminal contempt of court, an unclassified misdemeanor, for intentionally, knowingly, and willfully engaging in disorderly, contemptuous, and insolent behavior, in the immediate view and presence of the court during the case of *People v Raphael Martinez*.

Charge Nine alleged that the respondent engaged in conduct prejudicial to the administration of justice in violation of DR 1-102 (A) (5) and conduct that adversely reflects on his fitness to practice law in violation of DR 1-102 (A) (7) (now [8]), based on the factual allegations set forth in Charge Eight.

Charge Ten alleged that the respondent engaged in undignified and discourteous conduct which is degrading to a tribunal in violation of DR 7-106 (C) (6) based on the allegations set forth in Charge Eight.

Based on the voluminous evidence adduced, we find that all 10 charges of professional misconduct against the respondent have been established by a fair preponderance of the credible evidence and should have been sustained. Accordingly, the petitioner's motion to confirm in part and disaffirm in part is granted and the respondent's cross motion is denied in its entirety.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider that the charges against him arise from an attorney's actions in furtherance of his client's interests, as opposed to acts of negligence or other attorney misconduct which are, by definition, not in furtherance of the client's interest. The respondent has also submitted numerous letters from Judges before whom he has appeared as an advocate, from practicing attorneys with whom he has come in contact, and from personal acquaintances, all attesting to his skill and vigor as an advocate, his diligence and his devotion to clients. The respondent's disciplinary history is previously unblemished.

The respondent appears to have overlooked the fact that all attorneys, including criminal defense attorneys, are bound by the Lawyers' Code of Professional Responsibility and the Disciplinary Rules. The respondent's conduct in the five separate cases which are the subject matter of this disciplinary proceeding went beyond the bounds of zealous advocacy. Throughout these transcripts, the respondent has evinced a flagrant disrespect for the judiciary and a fundamental disregard for the judicial process which he has been sworn to uphold. Far from expressing genuine remorse for his disre-

spectful conduct, the respondent has consistently sought to justify his improper conduct by blaming the Judges before whom he was trying cases.

Under the circumstances, the respondent is suspended from the practice of law for a period of one year.

MANGANO, P. J., BRACKEN, SULLIVAN, BALLETTA and ROSENBLATT, JJ., concur.

Ordered that the petitioner's motion to confirm, in part, and disaffirm, in part, the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion to confirm, in part, and disaffirm, in part, is denied in its entirety; and it is further,

Ordered that the respondent, Richard L. Giampa, is suspended from the practice of law for a period of one year, commencing July 1, 1995 and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of one year upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Richard L. Giampa, is commanded to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.