[636 NYS2d 627]

In the Matter of RONALD RUBINSTEIN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, December 18, 1995

### APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(David C.Y. Cheung* of counsel), for petitioner.

*Sarah Diane McShea,* New York City, and *Hoffman & Pollok,* New York City *(John L. Pollok* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent was admitted to practice by this Court on December 23, 1964.

In this proceeding, the respondent was served with a petition containing one charge of professional misconduct. The Special Referee sustained the charge. The Grievance Committee now moves to confirm the report of the Special Referee in full. The respondent cross-moves to disaffirm any finding of professional misconduct, notwithstanding his adjudication of summary criminal contempt and the Court's rule denominating such conviction a "serious crime," and dismissing the proceedings in their entirety.

The petition charged that on or about October 1, 1992, the respondent was adjudicated, in the United States District Court for the Eastern District of New York, to be in criminal contempt of court by Judge Spencer Williams. A sanction of $5,000 was imposed upon him.

On or about May 21, 1993, the United States Court of Appeals for the Second Circuit affirmed the District Court's order holding the respondent in criminal contempt but reduced the sanction to $500. By reason of the foregoing, the respondent has been convicted of a serious crime in violation of 22 NYCRR 691.7.

Based on the evidence adduced and this Court's prior adjudications that summary criminal contempt constitutes a "serious crime" as defined by 22 NYCRR 691.7 (b) (Matter of Werlin, 170 AD2d 77; Matter of Leeds, 87 AD2d 96; Matter of Giampa, 211 AD2d 212), we find that the Special Referee properly sustained the charge. Accordingly, the petitioner's motion is granted and the respondent's cross motion is denied in its entirety.

In determining an appropriate measure of discipline to impose, we have taken into consideration the mitigation offered by the respondent, including the character evidence and the absence of a direct warning by the trial court that he would be held in contempt if his questioning continued.

Under the circumstances of this case, the respondent is censured for his professional misconduct.

MANGANO, P. J., BRACKEN, SULLIVAN, BALLETTA and ROSENBLATT, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion is denied; and it is further,

Ordered that the respondent, Ronald Rubinstein, is hereby censured for his professional misconduct.