[650 NYS2d 85]

In the Matter of Bruce Cutler, an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, December 12, 1996

## APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*George L. Santangelo* of counsel *(Santangelo, Santangelo & Cohen,* attorneys), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent, Bruce Cutler, was admitted to the practice of law in the State of New York by the Second Judicial Depart-

ment on February 11, 1975. At all times pertinent to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

Petitioner Departmental Disciplinary Committee has demonstrated that on January 7, 1994, respondent was found guilty, in the United States District Court for the Eastern District of New York, of criminal contempt of court, in violation of 18 USC § 401 (3), based on his willful violation of orders of United States District Judge I. Leo Glasser directing him to comply with Local Criminal Rule 7 of the Eastern District (*United States v Cutler*, 840 F Supp 959). He was sentenced on June 10, 1994 to three years' probation, 90 days' home confinement during which he was entirely prohibited from practicing law, a six-month suspension from practicing law in the Eastern District to run concurrent with his home confinement and 600 hours of community service. On June 19, 1995, the Court of Appeals for the Second Circuit affirmed respondent's conviction and sentence (58 F3d 825).

By order dated May 27, 1994, this Court found that respondent had committed a "serious crime" within the meaning of 22 NYCRR 603.12 (a) and Judiciary Law § 90 (4) (d) and remanded the matter to petitioner for a hearing and to recommend an appropriate sanction.

The details of respondent's contempt are discussed in the District Court's decision and the Second Circuit's opinion affirming respondent's conviction and need not be repeated here.

We agree with the Hearing Panel that respondent's arguments that he did not violate Rule 7 or Judge Glasser's orders are unavailing. Each of these arguments was made by respondent in the Federal court and rejected, and they may not be relitigated before the Departmental Disciplinary Committee (22 NYCRR 603.12 [c]; 605.13 [j] [3]; *see also, Matter of Levy*, 37 NY2d 279). We note that there is no suggestion that respondent's conviction suffered from any constitutional infirmity, or that respondent was not afforded adequate notice or an opportunity to be heard. Indeed, the record is clear that respondent had ample notice of the contempt charges against him and the opportunity to contest them at a trial where he was represented by counsel before a Judge other than the one before whom his contumacious conduct occurred.

Although we have, in certain cases, found that attorneys convicted of contempt should be censured rather than suspended (*see, e.g., Matter of Kunstler*, 194 AD2d 233; *Matter of Mangiatordi*, 123 AD2d 19), we agree with the Hearing Panel

that a suspension from the practice of law is appropriate in this matter, in light of the findings that respondent's contemptuous conduct was both willful and ongoing (*see, Matter of Giampa*, 211 AD2d 212, *lv denied* 86 NY2d 731, *cert denied sub nom. Giampa v Grievance Comm.*, — US —, 116 S Ct 566; *Matter of Leeds*, 87 AD2d 96). In this regard, we take into account the recommendation of American Bar Association Standards for Imposing Lawyer Sanctions § 6.22 (1991), which provides: "Suspension is generally appropriate when a lawyer knows that he or she is violating a court order or rule, and * * * causes interference or potential interference with a legal proceeding."

However, since suspensions from the practice of law are not routinely imposed based on contempt convictions, we do not find that respondent should be suspended for the full term of his three-year Federal probation.

For these reasons, we grant the petition to confirm the Hearing Panel's findings of fact and conclusions of law but disaffirm the Hearing Panel's recommendation that respondent be suspended for a period of three months retroactive to the date he began his 90-day house arrest as imposed by the Federal court. Instead, respondent should be suspended from the practice of law for six months, with credit for the three months he was not able to practice law in this State while he was under Federal house arrest.

MURPHY, P. J., ROSENBERGER, ELLERIN, ROSS and ANDRIAS, JJ., concur.

Report and recommendation of the Hearing Panel is confirmed in part and disaffirmed in part, and respondent is suspended from the practice of law in the State of New York for six months, with credit for the three months he was not able to practice law in the State while he was under Federal house arrest, effective January 13, 1997.