16-3315-cv
Schorr v. DoPico

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of April, two thousand seventeen.

PRESENT:
> PETER W. HALL,
> GERARD E. LYNCH,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

David Evan Schorr,

> *Plaintiff-Appellant*,

> v.                                                                         16-3315-cv

Jorge DoPico, in his official capacity as Chief Counsel of the First Judicial Department Disciplinary Committee in New York State, Ernest J. Collazo, in his official capacity as Chairman of the First Judicial Department Disciplinary Committee in New York State,

> *Defendants-Appellees*,

A. Gail Prudenti, in her official capacity as Chief Administrative Judge of the Courts of

1

**New York State, First Judicial Department
Disciplinary Committee in New York State,**

*Defendants*.[*]

_____

**FOR PLAINTIFF-APPELLANT:**        David Schorr, Esq., *pro se*, New York, NY.

**FOR DEFENDANTS-APPELLEES:**       Mark H. Shawhan, Assistant Solicitor General,
                                    New York State Office of the Attorney General,
                                    New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Sweet, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** and Appellant's motion to supplement the record is **DENIED**.

Appellant David Schorr, an attorney proceeding *pro se*, sued two officials of the New York State Appellate Division, First Judicial Department Attorney Disciplinary Committee ("committee") under 42 U.S.C. § 1983, alleging retaliation under the First and Fifth Amendments. Schorr alleged that the committee unlawfully re-opened its investigation of Schorr's misconduct after he exercised his right to reject a private admonition and request a formal hearing. The district court dismissed the complaint under the *Younger* abstention doctrine and for failure to state a claim. Schorr appeals the judgment of the district court and moves to supplement the record on appeal with an email from opposing trial counsel explaining the circumstances of the district court's denial of Schorr's motion for a preliminary injunction based on Schorr's default. We

_____

[*] The Clerk of the Court is respectfully directed to amend the caption as set forth above.

2

assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* dismissals based on *Younger* abstention. *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 197 (2d Cir. 2002). "In *Younger v. Harris*, the Supreme Court held that a federal court, except in cases where an injunction is necessary to prevent immediate and irreparable injury, should not enjoin a criminal proceeding in a state court." *Liberty Mut. Ins. Co. v. Hurlbut*, 585 F.3d 639, 646 (2d Cir. 2009). A previous three-part test held that a federal court must abstain from hearing a case when "1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court." *Id.* at 647 (internal quotation marks omitted). In *Sprint Communications, Inc. v. Jacobs*, however, the Supreme Court cautioned that those three conditions "were not dispositive" because relying on them alone "would extend *Younger* to virtually all parallel state and federal proceedings . . . where a party could identify a plausibly important state interest." *Sprint*, 134 S. Ct. 584, 593 (2013). Accordingly, the Supreme Court clarified that courts should abstain under *Younger* only in three "exceptional circumstances" that "define *Younger*'s scope": (1) pending state criminal proceedings; (2) civil enforcement proceedings that are "akin to criminal prosecutions"; and (3) civil proceedings that "implicate a State's interest in enforcing the orders and judgments of its courts." *See id.* at 588, 591. The Court specifically enumerated state-initiated attorney disciplinary proceedings for violations of state ethics rules as an example of civil enforcement proceedings. *See id.* at 592 (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 433–34 (1982)). While "it remains unclear how much weight" we should afford our previous three-part test after *Sprint*, district courts

should not rely entirely on the older test. *See Falco v. Justices of the Matrimonial Parts of Supreme Court of Suffolk Cty.*, 805 F.3d 425, 427 (2d Cir. 2015).

Although the district court erred when it relied only on the older three-part test for *Younger* abstention, it nonetheless properly dismissed Schorr's claims under the doctrine. The focus of Schorr's claims is an ongoing state attorney disciplinary proceeding, which falls squarely within *Younger* abstention. *See id.* ("On *de novo* review, however, we independently conclude that [the] case presents circumstances that qualify as 'exceptional' under *Sprint* and that *Younger* abstention was therefore warranted."); *see also Sprint*, 134 S. Ct. at 592. Schorr's argument that the proceeding is not ongoing because the committee has not yet brought charges in a formal hearing is without merit. The disciplinary proceedings were pending at the time that Schorr filed the complaint in this action and they have continued since, including the initial scheduling of Schorr's deposition.

The district court also correctly determined that the bad faith exception to the *Younger* doctrine does not apply here. A court may refuse to abstain when "a prosecution or proceeding has been brought to retaliate for or to deter constitutionally protected conduct, or where a prosecution or proceeding is otherwise brought in bad faith or for the purpose to harass." *Cullen v. Fliegner*, 18 F.3d 96, 103–04 (2d Cir. 1994). But "[a] state proceeding that is legitimate in its purposes, but unconstitutional in its execution—even when the violations of constitutional rights are egregious—will not warrant the application of the bad faith exception." *Diamond "D"*, 282 F.3d at 199. The plaintiff must therefore show subjective bad faith on the part of the defendants. *Id.* at 199–200. The plaintiff must demonstrate that the party bringing the state action has "no

4

reasonable expectation of obtaining a favorable outcome." *Id.* at 199 (quoting *Cullen*, 18 F.3d at 103).

Schorr argues that he adequately pleaded bad faith by alleging that the committee re-opened its investigation, in violation of its own rules, in order to retaliate against him for requesting a formal hearing. Yet, this is not sufficient to show subjective bad faith on the part of the defendants. While Schorr is correct that the next steps after his request for a hearing were to present formal charges in front of a referee, *see* N.Y. Comp. Codes R. & Regs. tit. 22, §§ 605.6(e), 605.8 (2013), nothing in the regulations specifically prohibits the re-opening of an investigation. Even assuming that the committee's actions were improper, Schorr still failed plausibly to allege any facts showing bad faith. He asserted only that the re-opening of the investigation was unlawful and done in response to his request for a hearing. Even assuming *arguendo* that the re-opening was improper, the complaint does not sufficiently allege bad faith because it does not plausibly plead that the reopening was aimed at harassing Schorr. *See Diamond "D"*, 282 F.3d at 199–200. Nor is it a sign of bad faith that a staff attorney notified Schorr to comply with a subpoena compelling him to appear for an examination under oath or face suspension. Failure to comply with a committee subpoena warrants suspension. *Matter of Horowitz*, 14 A.D.3d 191, 193 (1st Dep't 2005). Accordingly, the staff attorney's matter-of-fact statement concerning the repercussions of failing to comply with the committee's subpoena did not rise to the level of animus required to show bad faith.

In any event, Schorr cannot show that the committee would be unlikely to succeed in proving its charges. The committee found that Schorr violated N.Y. Comp. Codes R. & Regs. tit. 22, § 29.1, which prohibits the unauthorized audio recording of court proceedings, and thereby

5

violated Rules of Professional Conduct 3.3(f)(3) and 8.4(d), which prohibit violations of tribunal rules and conduct prejudicial to the administration of justice, respectively. Critically, Schorr admitted making an unauthorized recording of a court proceeding with his cell phone.

Finally, Schorr's argument that he was permitted to carry his phone in the courthouse misconstrues the meaning of the committee's admonition. It was not Schorr's possession of a cell phone that violated Rule 8.4(d), but his use of the device to record a hearing surreptitiously. Despite Schorr's arguments to the contrary, the committee considered the circumstances surrounding the recording and mitigated his punishment to a private admonition. Since the committee already considered mitigating circumstances and imposed discipline, it would likely still impose discipline after a full hearing. The district court properly determined, therefore, that the bad faith exception did not apply.

Schorr also moves to supplement the record on appeal with an email explaining the circumstances of the district court's denial of his motion for a preliminary injunction to enjoin a deposition. Schorr, however, does not challenge on appeal the district court's order denying the preliminary injunction, and he has thus abandoned the issue. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995). Accordingly, his motion to supplement the record with regard to the denial of his request for a preliminary injunction is denied as moot: the issue is not before us on appeal.

We have considered all of Schorr's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court and **DENY** Schorr's motion to supplement the record.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6