Matter of Schorr (2018 NY Slip Op 07278)





Matter of Schorr


2018 NY Slip Op 07278


Decided on October 30, 2018


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2018
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Dianne T. Renwick, Justice Presiding,
Rosalyn H. Richter
Angela M. Mazzarelli
Jeffery K. Oing
Anil C. Singh,Justices.


&em;

[*1]In the Matter of David Evan Schorr, an attorney and counselor-at-law: Attorney Grievance Committee M-3080 for the First Judicial Department, Petitioner, David Evan Schorr, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, David Evan Schorr, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on February 9, 2000.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Kevin M. Doyle, of counsel), for petitioner.
Respondent pro se.



PER CURIAM


Respondent David Evan Schorr was admitted to the practice of law in the State of New York by the Second Judicial Department on February 9, 2000. Respondent maintains a registered address within the First Judicial Department.
By unpublished order entered March 12, 2018, and later clarified by unpublished order entered May 31, 2018, this Court granted the Attorney Grievance Committee's (AGC) motion for an order giving collateral estoppel effect to an opinion by the United States Court of Appeals for the Second Circuit in Schorr v Dopico (686 Fed Appx 34 [2d Cir 2017]) with respect to [*2]respondent's unauthorized recording of a court proceeding and found him guilty of professional misconduct in violation of New York Rules of Professional Conduct 22 NYCRR 1200.0 rule 8.4(d) (conduct prejudicial to the administration of justice). A Referee was appointed to conduct a sanction hearing.
The parties now jointly move pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR § 1240.8(a)(5)) for discipline on consent and request the imposition of a public censure. Although the hearing before the Referee commenced, it is now stayed pending this Court's determination of the instant motion (22 NYCRR 1240.8[5][iii]).
The parties' submission conforms to the procedural requirements for a joint motion for the imposition of discipline (22 NYCRR 1240.8[a][5][i]-[iii]) and should be granted. The parties stipulate to the following facts.
On October 9, 2013, in his own divorce proceeding in which he was the defendant spouse and proceeded pro se, during a court conference before Supreme Court Justice Deborah Kaplan, respondent covertly made an unauthorized recording through the use of his iPhone, which was prohibited by 22 NYCRR 29.1. The recording was technically a video recording but captured no images since respondent's iPhone was inside his inner jacket pocket.
In April 2015, the AGC issued a private admonition to respondent for violating rule 3.3(f)(3) (intentionally or habitually violate any established rule of procedure of a tribunal) and rule 8.4(d) based on his unauthorized recording of the court conference. However, by letter dated May 6, 2015, respondent rejected the admonition and requested that formal proceedings be commenced before a referee.
Following respondent's rejection of the admonition and demand for formal proceedings, the AGC sought to examine him under oath (i.e., a deposition), which resulted in respondent filing a lawsuit against the AGC in the Southern District in seeking to enjoin the AGC's investigation. The Southern District dismissed the action and the Second Circuit affirmed, which decision formed the basis for this Court's collateral estoppel order (686 Fed Appx at 34).
Respondent now conditionally admits that his actions, as set forth above, violated rule 8.4(d) (as previously determined by this Court).
The parties stipulated to the following factors in
aggravation: respondent engaged in a pattern of misconduct that was prejudicial to the administration of justice, which arose in and indirectly from his domestic relations litigation. The pattern included accusing Justice Kaplan, her law secretary, and a court officer of perjury in denying that a (civil) assault had been orchestrated against him on October 9, 2013. Respondent has apologized for making these accusations. In addition, respondent accused the AGC in federal court filings of retaliating against him at the behest of former Administrative Judge A. Gail Prudenti; he brought a lawsuit that lacked merit against a psychologist appointed by the court in connection with the custody of respondent's child; he alleged bias against a financial analyst appointed to evaluate the worth of respondent's insurance business; and set up Internet web sites disparaging opposing counsel by accusing him of lying under oath (respondent has now transferred over to opposing counsel the rights to those web sites).
The parties stipulated to the following factors in
Mitigation: respondent has no disciplinary history, nor has he been sanctioned by any court for misconduct. His misconduct arose as he represented himself in a contentious domestic relations litigation involving issues of child custody and financial obligations. The death of respondent's father during the litigation added to the emotional strain of the litigation. After respondent's act of unauthorized recording, but while his own domestic relations litigation was still pending, he was commended by New York Supreme Court Justice Matthew Cooper and attorney Harriet Newman Cohen for his calming and credible role as co counsel in the highly inflamed domestic relations litigation of another attorney who was pro se. Furthermore, respondent, though admitted in 2000, had at the time of his misconduct only practiced law for a few years before leaving the practice of law to work in his family's business in late 2003, and his practice, as an associate in two very large law firms, had never brought him into a courtroom. Thus, at the time of his misconduct, respondent had limited experience in the practice of law.
Respondent presented credible evidence at the sanction hearing attesting to his good character. Having resumed the practice of law on behalf of others in 2015, respondent now represents clients in domestic relations litigation, where he has shown himself to be a sober and reasonable advocate, eschewing rather than creating conflict. Respondent represents several of [*3]his domestic relations clients pro bono, has demonstrated great patience and dedication toward these clients, makes himself available to them at all hours, and they have great trust in and gratitude toward him. During the disciplinary investigation and proceedings, respondent cooperated with the AGC, and during the sanction hearing respondent was professional, courteous, and respectful toward both AGC staff counsel and the Referee. Respondent acknowledges, albeit belatedly, the wrongfulness of his making an unauthorized recording of a court conference in light of rule 8.4(d).
In support, the parties rely on Matter of Rios and Levy (109 AD3d 64, 70 [1st Dept 2013]) in which this Court opined that sanction determination in attorney disciplinary cases is "inherently fact specific." Here, the parties contend that the factors in aggravation call for public discipline but the mitigation allows for a lesser sanction than suspension. Thus, pursuant to 22 NYCRR 1240.8(a)(5)(i)(d), the parties agree that the appropriate discipline to impose should be a public censure because, in their view, it will serve to deter future misconduct while permitting respondent to continue serving clients in a responsible and constructive fashion.
In granting the instant motion for discipline by consent, we find that a public censure is supported by similar case law (see e.g. Matter of Holley, 285 AD2d 216 [1st Dept 2001], lv denied 97 NY2d 606 [2001]; Matter of Kunstler, 194 AD2d 233 [1st Dept 1993]; Matter of Mangiatordi, 123 AD2d 19 [1st Dept 1987]; Matter of Kindlon, 98 AD3d 1227 [3d Dept 2012]).
Accordingly, the parties' joint motion for discipline should be granted and respondent publicly censured.
All concur.
Order filed: [October 30, 2018]
Ordered that the parties' motion for discipline by consent is granted, and respondent is publicly censured.