Matter of Perry (2025 NY Slip Op 03386)

Matter of Perry

2025 NY Slip Op 03386

Decided on June 05, 2025

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 05, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Cynthia S. Kern
Justice Presiding

Motion No. 2025-00366|Case No. 2023-02705|

[*1]In the Matter of William David Perry an Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, William David Perry (OCA Atty Reg. 5141437), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, William David Perry, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on September 16, 2013.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York City (Raymond Vallejo, of counsel), for petitioner
Respondent, pro se.

Per Curiam 

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, William David Perry, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on September 16, 2013.
Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Raymond Vallejo, of counsel), for petitioner
Respondent, pro se.
Motion No. 2025-00366 — March 24, 2025
In the Matter of William David Perry, an attorney
Per Curiam
Respondent William D. Perry was admitted to the practice of law in the State of New York by the First Judicial Department on September 16, 2013, under the name William David Perry. Respondent maintains a registered address within the First Judicial Department.
On September 22, 2022, following a jury trial, respondent was convicted of two counts of criminal contempt in the second degree, three counts of stalking in the fourth degree, and harassment in the first degree. On October 8, 2024, the conviction was affirmed on appeal (People v Perry, 231 AD3d 492 [1st Dept 2024]). The Attorney Grievance Committee (AGC) sought to have those offenses of which respondent had been found guilty to be deemed "serious crimes" within the meaning of Judiciary Law § 90(4)(d). This Court granted the application by unpublished order of November 1, 2023. The Court appointed a Referee to conduct a sanction hearing and issue a report and recommendation as to whether a final order of censure, suspension, or disbarment should be made.
Respondent's conviction, for which he was sentenced to three years' probation, stemmed in part from his violating two orders of protection in favor of his former girlfriend and cohabitant through his use of social media to create approximately 17 fake accounts for which he used account names that could easily be mistaken to be social media accounts of his former girlfriend, and used the fake accounts to make it appear that the content of the posts came from his former girlfriend. Respondent also used the accounts to post information about the prosecutor who had handled an earlier criminal case against respondent arising from a domestic violence incident with his former girlfriend. That matter resulted in respondent pleading guilty to disorderly conduct and the issuance of one of the orders of protection he violated. Respondent also posted information to social media about the prosecutor's mother, who had nothing to do with the case handled by her son. In addition to respondent's sentence, orders of protection were issued against respondent in favor of respondent's former girlfriend, the prosecutor, and the prosecutor's mother.
The Referee convened the sanction hearing in July 2024. AGC did not call any witnesses but introduced documentary evidence. Respondent testified and introduced documentary evidence. He maintained that his former girlfriend was the initiator of the events that precipitated [*2]his conviction, and that his social media posts were intended to expose such, as well as the mistreatment and racism he was allegedly subjected to by the criminal justice system. AGC submitted a post-hearing memorandum in which it argued that respondent be suspended for six months. Respondent did not submit a post-hearing memorandum despite having been granted numerous extensions.
By January 8, 2025 report, the Referee recommended a six-month suspension. As to aggravating factors, the Referee stated that "[r]espondent's complete and utter disregard of a Court Order in a domestic violence case is a very serious matter. Respondent is defiant and expresses no remorse for his conduct. Instead, he blames everybody else. To include the prosecutor and his mother in the posts is beyond the pale." As to mitigating factors, the Referee noted that respondent submitted letters representing his good character. The Referee found respondent to be a "very bright individual" with a notable educational and professional background but that despite respondent's intelligence, "the facts in this case indicate that he is misguided." The Referee noted that respondent was contemptuous of the Court by violating two orders of protection for which he was convicted of a crime. He found respondent's actions "especially egregious because he is an attorney and a member of the bar." He further found that "respondent has not accepted any responsibility for his conduct, which causes concern for the welfare of any future clients he may have." The Referee acknowledged that in considering an appropriate sanction to recommend, he "must consider protection of the public, and also send a message to any future attorneys who might act similarly."
AGC now moves for an order, pursuant to the Rules of the Appellate Division, First Department (22 NYCRR) § 603.8-a(t)(4) and the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8(b)(1), confirming the Referee's report, suspending respondent from the practice of law for six months, and granting such other and further relief as justice may require.
AGC refers the Court to its post-hearing memorandum to the Referee in which it cites case law involving contemptuous and/or harassing misconduct for which the sanction has ranged from public censure to suspensions of three months to one year. AGC points to the seriousness of respondent's misconduct and "strong evidence of aggravating factors, including his prior offenses, lack of contrition or remorse, the disruptive and dilatory manner in which he conducted himself throughout this proceeding, failure to acknowledge the nature of his wrongdoing, and the harm he inflicted on his victims." AGC argues that the little mitigating evidence respondent has presented is not compelling and that "respondent's willful violation of two orders of protection, in addition to his acts of stalking and harassment, establish that he has relinquished the privilege of practicing law."
Respondent opposes AGC's [*3]motion by very brief affirmation, maintaining that he "was not afforded adequate time to provide a fact finding to the hearing referee." Respondent notes that by November 15, 2024 unpublished order, the Court granted his renewed motion for poor person relief to the extent of directing AGC to provide him with a copy of the hearing transcript without charge, which he received on November 18, 2024. Following the Thanksgiving holiday, on December 3, 2024, the Referee set a final deadline of December 10, 2024 for respondent to make a post-hearing submission. The Referee denied Respondent's request for a further extension, noting that "In my total career [I] have never permitted as many adjournments as I have granted to you. Every time [I] agree to your requests for extensions you always request another adjournment at the last moment. Nevertheless, I want you to have the opportunity to submit a post hearing brief. My sense of fairness leads me to this decision. I prefer that you have a full chance to present your arguments. Accordingly, I am giving you another extension." Respondent maintains that the deadline did not afford him adequate time to produce a quality work product, particularly considering the other First Department matters he was attending to at the time where he was also representing himself. Respondent requests that the Court deny AGC's motion "and issue an order that Respondent be afforded the standard 30-60 days to the complete the fact finding."
In reply, AGC maintains that respondent has engaged in dilatory conduct, pointing to his numerous requests for adjournments to make a post-hearing submission which, in the end, he failed to submit. AGC argues that "[r]espondent has demonstrated an utter disdain and disregard for these disciplinary proceedings" by failing to submit a post-hearing brief or any meaningful answer to the instant motion. AGC notes that as neither party called witnesses at the hearing and the transcript consisted mostly of opening statements by the parties, it was disingenuous for respondent to claim that he did not have sufficient opportunity to "produce a quality work product" given that the hearing occurred eight months prior.
As an initial matter, the Court finds that respondent had sufficient opportunity to submit a post-hearing brief as the Referee granted respondent multiple extensions to do so. Respondent also had ample opportunity to fully respond to AGC's motion to confirm as the Court twice adjourned the return date at his request and then granted his request to submit a late response.
As this is a "serious crime" proceeding, the only issue to be decided is the appropriate sanction to impose for respondent's criminal misconduct. Sanctions imposed by this Court for contemptuous and/or harassing misconduct have ranged between public censure and suspensions from three months to one year (see e.g. Matter of Walters, 236 AD3d 10 [1st Dept 2025] [one-year suspension for conviction for criminal contempt stemming [*4]from willful violation of protective orders issued by the court, where respondent had prior discipline and no remorse]; Matter of Arkun, 119 AD3d 111 [1st Dept 2014] [censure based on criminal conviction for, inter alia, attempted criminal contempt arising from violating an order of protection and harassing conduct directed at former paramour; mitigation included respondent's extensive pro bono activities, medical condition, and successful completion of treatment program]; Matter of Dorfman, 81 AD3d 59 [1st Dept 2011] [one-year suspension for federal conviction for criminal contempt based on failure to comply with court orders, aggravating factors included lack of remorse]; Matter of Santana, 233 AD2d 51 [1st Dept 1997] [one-year suspension based on conviction for, inter alia, harassment in the second degree stemming from campaign to harass neighbor, which included making two false police reports for which respondent lacked remorse]; Matter of Muller, 231 AD2d 296 [1st Dept 1997] [six-month suspension for subjecting former girlfriend to harassing telephone calls and posing as a court employee to harass the victim at her law school and making misrepresentations about her in an attempt to discredit her; mitigating factors included respondent's alcoholism]; Matter of Cutler, 227 AD2d 8 [1st Dept 1996] [six-month suspension for federal conviction for criminal contempt]).
While respondent has no prior attorney disciplinary history, a six-month suspension as recommended by the Referee is too lenient given the egregious nature of respondent's criminal misconduct. Specifically, not only did respondent violate two orders of protection (at least one of which issued as a result of a domestic violence incident) and subject his former girlfriend to a campaign of online harassment through his use of fake social media accounts, but he also used these accounts to post information about the prosecutor and his mother. Additionally, rather than admit to any wrongdoing and express remorse, respondent blames others, including his former girlfriend, for his conviction. Based on the foregoing, this matter more closely aligns with the one-year suspension cases cited above, which is the appropriate sanction here.
Accordingly, the Referee's recommendation of a six-month suspension should be disaffirmed and AGC's motion should be granted to the extent of suspending respondent from the practice of law in the State of New York for a period of one year, effective 30 days from the date of this order, and until further order of this Court.
All concur.
Wherefore, it is Ordered that the Referee's recommendation of a six-month suspension is disaffirmed, and the motion by the Attorney Grievance Committee for the First Judicial Department confirming the Referee's Report and Recommendation, pursuant to 22 NYCRR 603.8-a(t)(4) and 1240.8(b)(1), is granted to the extent of suspending respondent William David Perry from the practice of law in the State of New York for a period of one [*5]year, effective 30 days from the date of this order, and until further order of this Court; and
It is further Ordered that, pursuant to Judiciary Law § 90, respondent, William David Perry, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, respondent, William David Perry, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, William David Perry, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: June 5, 2025