Matter of Malig (2025 NY Slip Op 06653)

Matter of Malig

2025 NY Slip Op 06653

Decided on December 02, 2025

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 02, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Barbara R. Kapnick
Justice Presiding

Motion No. 2025-05315|Case No. 2025-04145|

[*1]In the Matter of Rollyn Gueco Malig an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Rollyn Gueco Malig (OCA Atty Reg. 4906764), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Rollyn Gueco Malig, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Third Judicial Department on January 20, 2011.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Louis J. Bara, of counsel), for petitioner
Respondent, pro se.

Per Curiam 

Respondent Rollyn Gueco Malig was admitted to the practice of law in the State of New York by the Third Judicial Department on January 20, 2011. Respondent maintains a registered address in the First Judicial Department.
By August 25, 2025 unpublished order, this Court deemed respondent's March 17, 2025 misdemeanor criminal contempt conviction in Pennsylvania for violating 23 PA Statutes § 6114(a) a "serious crime" as defined by Judiciary Law § 90(4)(d) and, pursuant to Judiciary Law § 90(4)(g) and Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12(c)(2), appointed a referee to conduct a sanction hearing. Respondent's conviction stems from her violation of a protection from abuse order (i.e. an order of protection) in her favor.
The parties now jointly move under 22 NYCRR 1240.8(a)(5) for discipline by consent and ask this Court to impose a public censure. As required by 22 NYCRR 1240.8(a)(5)(i) and (iii), the parties have submitted a stipulation of facts, respondent's affidavit, in which she conditionally admits to the facts set forth in the stipulation of facts, and factors in aggravation and mitigation. Further, respondent consents to the agreed upon discipline of a public censure.
The parties stipulate that respondent sought and obtained an order of protection against her now former partner following a domestic dispute that resulted in her former partner's arrest. Although the order of protection was in respondent's favor, it also required respondent to refrain from contact.
A little more than a month after the incident, respondent sent her former partner two text messages and one email in an attempt to repair their relationship. Respondent was then arrested and criminally charged as the communications constituted a violation of the order of protection. Respondent was convicted after a bench trial of violating 23 PA Statutes § 6114(a), and this Court deemed the conviction as one for a "serious crime" under Judiciary Law § 90(4)(d).
On May 14, 2025, respondent appeared before the Attorney Grievance Committee (AGC) for an examination under oath. As to her conviction, respondent testified that it was not clear to her that she was forbidden from sending the communications, since she was the one who had obtained the order of protection. Respondent has, however, expressed remorse for her conviction, including stating that she regrets sending the communications and understands that she should not have sent them.
Respondent conditionally admits that her conduct and criminal conviction violated the New York Rules of Professional Conduct (22 NYCRR 1200.0).
The parties agree that a factor in aggravation is respondent's failure to notify the AGC of her criminal conviction within 30 days thereof as required by Judiciary Law § 90(4)(c) and 22 NYCRR 1240.12(a). The parties also stipulated to the following mitigation: respondent has no disciplinary history; she fully cooperated with the AGC's investigation from its inception; respondent's misconduct arose out of the mistaken view that she, as the protected party, was allowed to send the communications, but she understands that this view was incorrect and self-serving; respondent's messages contained no threats of violence or retribution of any kind; and respondent expressed remorse for her conduct, conviction, and failure to report. In addition, respondent submitted two references attesting to her good character.
The parties' joint motion asks that a public censure be imposed. They maintain that a public censure represents an appropriate sanction because, inter alia, the communications—though wrongful in violating the order of protection—contained no threats or other malicious content whatsoever. The parties maintain that their public censure request is thus supported by precedent involving comparable misconduct (see Matter of Arkun, 119 AD3d 111 [1st Dept 2014]; see also Matter of Samuel, 103 AD3d 134 [1st Dept 2013]; Matter of Kunstler, 194 AD2d 233 [1st Dept 1993]). The parties note that this Court has also previously imposed suspension for misconduct related to contempt, but the facts in such cases are distinguishable given the presence of more significant aggravation (see e.g. Matter of Perry, 241 AD3d 34 [1st Dept 2025]; Matter of Miller, 241 AD3d 30 [1st Dept 2025]).
Accordingly, in light of respondent's admitted misconduct, the total lack of malice in the contents of the communications, and the aggravating and mitigating factors presented, the parties' motion should be granted and respondent publicly censured.
All concur.
Wherefore, it is Ordered that the parties' joint motion for discipline by consent
pursuant to 22 NYCRR 1240.8(a)(5) is granted, and respondent, Rollyn Gueco Malig, is publicly censured.
Entered: December 2, 2025