In the Matter of MORRIS BERLER, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, June 28, 1955.

*Frank H. Gordon* (*Frederick H. Block* with him on the brief), for petitioner.

*Joseph Apfel* for respondent.

*Per Curiam.* The respondent is charged with unprofessional conduct for violation of canons 6 and 37 of the Canons of Professional Ethics. These proscribe representation of conflicting interests (canon 6), and forbid acceptance of employment which involves or might involve the disclosure or use of confidences of a client (canon 37).

It appears, in substance, that the respondent, while attorney for a corporation, prepared affidavits accusing a discharged employee of embezzling funds from the welfare association set up by the corporation for the benefit of its employees. For this service the respondent was paid a fee of $50. Thereafter, the respondent's relationship with the corporation as its attorney was terminated. Subsequently, the affidavits aforesaid were used in connection with a complaint filed with the District Attorney against the former employee of the corporation. The respondent appeared on behalf of the accused embezzler during an investigation by the District Attorney, and in a civil suit brought by the corporation against its former employee the respondent on behalf of his new client entered a counterclaim for defamation based on alleged slanders accusing him of embezzlement. The respondent took the position in these matters that there was no basis for the embezzlement charge against the discharged employee (now his client) despite his original preparation of the affidavits supporting such a charge.

The Referee appointed in this disciplinary proceeding has filed his report, in which he states that the charge against the respondent has been established. We agree with the report of the learned Referee. The respondent's explanations and contentions that his actions involved no violation of the canons are

not worthy of acceptance. We conclude, therefore, that disciplinary action is proper in the circumstances of this case. The respondent should be suspended from the practice of law for a period of six months.

CALLAHAN, J. P., BREITEL, BASTOW and RABIN, JJ., concur.

Respondent suspended for six months. [See *post*, p. 965.]