[625 NYS2d 204]

In the Matter of RICHARD D. GREENFIELD, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 20, 1995

### APPEARANCES OF COUNSEL

*Sherry K. Cohen* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Richard D. Greenfield,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

Respondent Richard D. Greenfield was admitted to practice

law in the State of New York by the First Judicial Department on June 23, 1967.

By opinion and order dated November 16, 1993, the United States District Court for the District of New Jersey suspended respondent for a period of one year for knowingly failing to disclose certain key facts relating to the court's determination of issues concerning conflicts of interest and the appointment of counsel in two class actions. Respondent was reciprocally suspended in other Federal jurisdictions and in the State of Pennsylvania, where he was also admitted, and with the exception of Pennsylvania (one-year suspension commencing on June 30, 1994) and the United States Court of Appeals for the Fifth Circuit (suspension for indeterminate time), the suspension periods imposed run concurrently with the one-year suspension imposed by the New Jersey Federal court.

By petition dated December 6, 1994, the Departmental Disciplinary Committee seeks an order, pursuant to 22 NYCRR 603.3, suspending respondent from the practice of law for a period of one year predicated upon the fact that he was similarly disciplined by the United States District Court for the District of New Jersey. The Committee asserts that the misconduct for which the respondent was disciplined constitutes misconduct in New York and the respondent is precluded from raising any defense enumerated in 22 NYCRR 603.3 (c). It should be noted that respondent, during the Federal hearing, did not object to the findings of fact and conclusions of law of the Referee and only addressed the issue of sanctions in his brief.

Respondent now states that he does not object to the imposition of the reciprocal discipline requested by the Committee but contends, however, that the suspension should be imposed nunc pro tunc from January 1, 1994 through December 31, 1994. Respondent notes that on or about December 15, 1993, after being notified that he would be suspended from the practice of law by the Federal court in New Jersey, he promptly notified the New York State Court of Appeals as well as this Court. Respondent avers that as of the date of the New Jersey suspension, he voluntarily and absolutely ceased the practice of law in all of the jurisdictions in which he is admitted.

It is clear that the findings of misconduct are supported by the record, in particular respondent's admissions of misconduct, and thus, are accepted as final by this Court. We also

find that the misconduct for which respondent was disciplined by the New Jersey Federal court constitutes misconduct in New York.

With regard to the issue of sanctions, it is a generally accepted principle that the State where respondent lived and practiced law at the time of the offense has the greatest interest in the issue and the public policy considerations relevant to such disciplinary actions *(see, Matter of Reiss,* 119 AD2d 1, 6). While a shorter period for similar infractions has been imposed in New York State in the past *(see, e.g., Matter of Berler,* 286 App Div 210; *Matter of Tepper,* 170 App Div 889), greater weight should be accorded in reciprocal actions as to the determination of sanctions by the State or jurisdiction where the charges were originally brought. As a result, respondent is suspended from the practice of law for a period of one year based upon the fact that he was similarly disciplined by the New Jersey Federal court (22 NYCRR 603.3).

In view of the fact that respondent promptly notified the Court of Appeals as well as this Court of his suspension, coupled with the unexplained delay of almost one year in bringing this petition and that respondent does not appear to have practiced in New York during the time of his Federal suspension, we grant respondent's request and impose the suspension nunc pro tunc, from January 1, 1994. Reinstatement, however, is conditional upon respondent providing proof of his reinstatement by the New Jersey Federal court.

ELLERIN, J. P., ROSS, ASCH, WILLIAMS and TOM, JJ., concur.

Petition granted to the extent of suspending respondent from practice as an attorney and counselor-at-law in the State of New York for a period of one year, nunc pro tunc, from January 1, 1994, and until the further order of this Court, and conditioned upon respondent providing proof of his reinstatement by the New Jersey Federal court.