[636 NYS2d 287]

In the Matter of KEVIN P. BOSIES, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 28, 1995

### APPEARANCES OF COUNSEL

*Eileen J. Shields* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Kevin P. Bosies, was admitted to the practice of

law in the State of New York by the First judicial Department on March 4, 1985. He was also admitted to practice as an attorney and counselor-at-law in the State of New Jersey in 1984.

The Departmental Disciplinary Committee seeks an order, pursuant to 22 NYCRR 603.3, suspending respondent from the practice of law for a period of six months predicated upon the fact that he was similarly disciplined by the New Jersey Supreme Court, or in the alternative, sanctioning respondent as this Court deems appropriate.

After a de novo review of the record and oral arguments the Disciplinary Review Board in New Jersey (the Review Board) issued a Decision and Recommendation, agreeing with the District Ethics Committee (DEC) Hearing Panel report that respondent violated the Rules of Professional Conduct (RPC), i.e., RPC 1.1 (a) and (b) (gross neglect and pattern of neglect); RPC 1.2 (a) (failure to abide by client's wishes concerning objectives of representation); RPC 1.3 (lack of diligence and promptness); RPC 1.4 (failure to communicate); RPC 8.4 (c) (conduct involving dishonesty, fraud, deceit or misrepresentation); and RPC 8.4 (d) (conduct prejudicial to administration of justice). It disagreed with DEC's finding that respondent had violated New Jersey Rules of General Application 1:20-3 (f) (now [g]) (failure to cooperate with DEC).

The grievances which are the subject of the New Jersey disciplinary order concern four legal matters handled by respondent while he was an associate at the law firm of Strauss & Hall in Princeton, New Jersey, in 1989-1991. In the *Beyer* matter, respondent was held to have violated RPC 1.2 (a) (failure to abide by client's wishes regarding the objectives of representation); RPC 1.3 (lack of due diligence and promptness); RPC 1.4 (failure to communicate); RPC 8.4 (c) (dishonesty, fraud, deceit or misrepresentation); and RPC 8.4 (d) (conduct prejudicial to the administration of justice). Respondent was representing Sheila Joan Beyer and her siblings in litigation involving a trust of which they were the beneficiaries. Respondent failed to comply with court-ordered discovery for which he was sanctioned $300 by the court. Despite the sanction, respondent continued to fail to conduct discovery, involving a deposition which Ms. Beyer insisted that he do. Because respondent did not agree that the deposition was needed, he tried to placate his client by engaging in an elaborate and prolonged deception to lead her to believe that he was trying to conduct the deposition. This elaborate scheme concocted by respondent

to lead Beyer into falsely believing that a deposition had been arranged is described in detail in the Board's Decision and was most influential in its determination that respondent should be suspended.

In the *Smith* matter, respondent was held to have violated RPC 1.1 (a) (gross neglect) and RPC 1.3 (lack of diligence). This misconduct involved respondent's failure to prosecute an appeal.

In the *Commins* matter, respondent was held to have violated RPC 1.1 (a) (gross neglect). In this matter, respondent was asked by Kathleen Commins to file a complaint in the Federal District Court alleging employment discrimination. Although respondent filed the complaint, he failed to serve the summons and the complaint was eventually dismissed for failure to prosecute.

The *Williams* matter is also somewhat egregious because of the gross neglect involved. Respondent was found to have violated RPC 1.1 (a) (gross negligence); RPC 1.2 (a) (failure to abide by client's wishes concerning objectives of representation); RPC 1.3 (lack of diligence); and RPC 8.4 (c) (conduct involving dishonesty, fraud and misrepresentation). Most notably, in this postdivorce action, respondent's failure to make the partial payment of Williams' arrearages could have, and almost did, result in Williams' arrest.

As a result of these findings, the Review Board recommended to the Supreme Court of New Jersey that respondent be suspended for six months, with reinstatement contingent on a psychiatrist's report and proctoring for a period of one year after reinstatement. By an order dated November 15, 1994, the New Jersey Supreme Court adopted the recommendations of the Review Board. Although respondent completed the six-month suspension period in June 1995, he has not yet reapplied for reinstatement.

22 NYCRR 603.3 (c) provides that the only defenses that may be raised in a reciprocal disciplinary proceeding are:

"(1) that the procedure in the foreign jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or

"(2) that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this court could not, consistent with its duties, accept as final the finding in the foreign jurisdiction as to the attorney's misconduct; or

"(3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this jurisdiction."

Respondent has no defense under 22 NYCRR 603.3 (c) (1) because he was provided with sufficient notice and an opportunity to be heard. Respondent submitted an answer to the complaint and participated in the hearings in New Jersey.

Respondent has no defense under 22 NYCRR 603.3 (c) (2) because the New Jersey's Supreme Court's findings of misconduct are supported by the record which includes documentary evidence and the testimony of witnesses as presented at a hearing.

Finally, respondent has no defense under 22 NYCRR 603.3 (c) (3) because the misconduct for which respondent was disciplined in New Jersey constitutes misconduct in New York.

First, respondent's conduct constituting violations of RPC 1.1 (a) (gross negligence); RPC 1.1 (b) (pattern of negligence); RPC 1.3 (lack of diligence and promptness), and RPC 1.4 (failure to communicate) constitutes neglect of legal matters in violation of Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30) which reads: "A. A lawyer shall not * * * 3. Neglect a legal matter entrusted to the lawyer."

Respondent's violation of RPC 1.2 (a) (failure to abide by client's objectives of representation) constitutes a violation of Code of Professional Responsibility DR 7-101 (A) (1) and (2) (22 NYCRR 1200.32) providing:

"A. A lawyer shall not intentionally:

"1. Fail to seek the lawful objectives of the client through reasonably available means * * *

"2. Fail to carry out a contract of employment entered into with a client for professional services."

Finally, respondent's conduct violating RPC 8.4 (c) (conduct involving dishonesty, fraud, deceit or misrepresentation) and RPC 8.4 (d) (conduct prejudicial to the administration of justice) violates DR 1-102 (A) (4) and (5) (22 NYCRR 1200.3) which state:

"A. A lawyer shall not * * *

"4. Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

"5. Engage in conduct that is prejudicial to the administration of justice."

There is no opposition to the Committee's petition for an order imposing reciprocal discipline.

Since no defense has been presented to the Committee's petition, or exists, the Departmental Disciplinary Committee's petition for an order, pursuant to the doctrine of reciprocal discipline as set forth in 22 NYCRR 603.3, is granted. With regard to the issue of sanctions, it is a generally accepted principal that the State where respondent lived and practiced law at the time of the offense has the greatest interest in the issue and the public policy considerations relevant to such disciplinary actions (*see, Matter of Reiss*, 119 AD2d 1, 6). Thus, greater weight should be accorded in reciprocal actions as to the determination of sanctions by the State or jurisdiction where the charges were originally brought (*Matter of Greenfield*, 211 AD2d 29). Furthermore, we have not hesitated to impose a six-month suspension as a sanction where we have found neglect of legal matters combined with other misconduct such as misrepresentation to clients (*see, e.g., Matter of Scharf*, 213 AD2d 119). Accordingly, respondent is suspended from the practice of law for a period of six months or a period consistent with that imposed by New Jersey, whichever is longer, and until further order of this Court.

SULLIVAN, J. P., ROSENBERGER, ROSS, ASCH and NARDELLI, JJ., concur.

Petition granted and respondent suspended from the practice of law in the State of New York for a period of six months, effective December 28, 1995, or for a period consistent with that imposed by New Jersey, whichever is longer, and until the further order of this Court.