[706 NYS2d 15]

In the Matter of ROBERT J. FORREST (Admitted as ROBERT FORREST), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 16, 2000

---

**APPEARANCES OF COUNSEL**

*Gina Simonelli Baxter* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*David B. Rubin* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Robert J. Forrest was admitted to the practice of

law in New York State by the First Judicial Department on January 12, 1987. He was also admitted to practice as an attorney and counselor-at-law in New Jersey.

The Departmental Disciplinary Committee is seeking an order, pursuant to 22 NYCRR 603.3, suspending respondent for six months, predicated on similar discipline ordered in New Jersey on June 11, 1999, or, in the alternative, imposing whatever discipline this Court deems appropriate.

The suspension by the New Jersey Supreme Court was based on the following misconduct: The law firm with which respondent practiced law assigned respondent to work on a personal injury action in which the firm was representing a husband and wife who had been injured in an automobile accident. The husband subsequently died for reasons unrelated to the accident. After respondent had been informed by the wife of the husband's death, respondent served unsigned answers to interrogatories on his adversary without informing the adversary that the client had died. Thereafter, respondent and the surviving spouse appeared at a mandatory arbitration proceeding. Prior to the proceeding, respondent advised the surviving spouse that she should not voluntarily reveal her husband's death. At no time did respondent inform the arbitrator that the husband had died; in fact, in response to the arbitrator's inquiry as to the husband's absence, respondent replied that he was "unavailable." The arbitrator entered awards in favor of both parties.

Thereafter, respondent contacted opposing counsel to discuss a possible settlement—without informing him of the client's death—and, after ignoring counsel's several requests to produce the husband for a medical examination and failing to reply to counsel's motion to compel the client to appear for a medical examination, the court entered an order directing the client to submit to such an examination. Respondent still attempted to settle the matter and finally advised his adversary of the client's death only after the client failed to appear at the court-ordered examination.

In the New Jersey disciplinary proceeding, respondent expressed regret for his misconduct. He admitted that he acted imprudently when he failed to disclose his client's death to the court, the arbitrator and opposing counsel, but contended that he acted out of a desire to enhance the recovery in the action. He further maintained that he made no misrepresentations but merely withheld certain information, a technique he described as "bluffing" and "puffing."

The New Jersey Supreme Court suspended respondent on the basis of his failure to disclose a material fact to a tribunal, in violation of rule 3.3 (a) (5) of the New Jersey Rules of Professional Conduct (RPC), unlawful obstruction of another party's access to potentially valuable evidence, in violation of RPC 3.4 (a), and engaging in conduct involving dishonesty, deceit or misrepresentation, in violation of RPC 8.4 (c).

In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 603.3, respondent is precluded from raising any defenses except (1) a lack of notice constituting a deprivation of due process, (2) an infirmity of the proof presented to the foreign jurisdiction, or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this State. (*Matter of Meaden*, 263 AD2d 67.) Respondent does not assert any defenses in response to the petition; he merely asks that the sanction be no greater than that imposed by the New Jersey Supreme Court and that, accordingly, any suspension we impose run concurrently with the New Jersey suspension. Respondent has recently advised us that, during the pendency of this proceeding, he has been restored to the practice of law in New Jersey.

It is generally accepted that the State where the respondent lived and practiced law at the time of the misconduct has the greatest interest in the sanction imposed. (*Id.*) While respondent requests that any suspension we impose run concurrently with the New Jersey suspension—July 5, 1999 to January 5, 2000—there is no showing that respondent has refrained from practicing law in New York during that period. (*Cf., Matter of Greenfield*, 211 AD2d 29.) If we impose the suspension nunc pro tunc, from the date of the New Jersey suspension, respondent will have effectively been permitted to practice law in New York without interruption. In view of the circumstances, including the gravity of respondent's misconduct, which also constitutes misconduct in New York,* we deem a six month suspension, to run prospectively, to be the appropriate sanction.

Accordingly, the petition should be granted and respondent suspended from the practice of law for a period of six months, effective immediately, and until further order of this Court.

---

* RPC 3.3 (a) (5) and 3.4 (a) are analogous to the New York Code of Professional Responsibility DR 7-102 (a) (3) (22 NYCRR 1200.33) (in the representation of a client, concealing or knowingly failing to disclose that which the lawyer is required to reveal) and (5) (in the representation of a client, knowingly making a false statement of law or fact) and RPC 8.4 (c) is virtually identical to DR 1-102 (a) (4) (22 NYCRR 1200.3) of the Code.

SULLIVAN, P. J., NARDELLI, RUBIN, ANDRIAS and FRIEDMAN, JJ., concur.

Petition granted and respondent suspended from the practice of law in the State of New York for a period of six months, effective the date hereof and until the further order of this Court.