[1 NYS3d 109]

In the Matter of RONALD J. BRANDMAYR (Admitted as RONALD JOSEPH BRANDMAYR), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 17, 2015

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Ronald J. Brandmayr*, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent Ronald J. Brandmayr was admitted to the practice of law in the State of New York by the First Judicial Department on October 30, 2003, under the name Ronald Joseph Brandmayr. Respondent does not have a business address in New York. He maintains an office for the practice of law in New Jersey where he is also admitted.

The Departmental Disciplinary Committee seeks an order, pursuant to Judiciary Law § 90 (2) and Rules of the Appellate Division, First Department (22 NYCRR) § 603.3, censuring respondent predicated upon similar discipline imposed by the Supreme Court of New Jersey (212 NJ 472, 56 A3d 863 [2012]) which reprimanded respondent for knowingly practicing law while ineligible to do so.

By a notice of motion dated July 10, 2012, the New Jersey Office of Attorney Ethics (OAE) petitioned the Disciplinary Review Board (DRB) to impose discipline by consent, namely, a reprimand, based upon the written record. Respondent and Bar Counsel for the OAE also executed a stipulation of discipline by consent on July 2 and 10, 2012, respectively, which referred to one charge of professional misconduct. By entering into the stipulation, respondent admitted to the misconduct and disciplinary rule violation set forth in the stipulation, as well as waived a disciplinary hearing. In addition, respondent agreed that the matter should be resolved with a reprimand. On June 20, 2012, respondent executed an affidavit of discipline by consent wherein he acknowledged, among other things, that he violated New Jersey Rules of Professional Conduct (RPC) rule 5.5 (a) (1), that he had not been subject to coercion or duress, that he was fully aware of the implications of submitting his consent, and he freely consented to the proposed discipline of a reprimand.

As reflected in the order of the New Jersey Supreme Court, the above documents were submitted to the DRB, which granted the motion, determined that reprimand was the appropriate discipline, and on November 27, 2012 submitted the matter to the Supreme Court for the entry of an order of discipline.

Accordingly, on December 6, 2012, the Supreme Court of New Jersey issued its order reprimanding respondent for know-

ingly practicing law while ineligible to do so in violation of RPC 5.5 (a) (1). It is this order which is the basis of the Committee's reciprocal discipline petition.

The stipulation, as adopted by the court, stated that between September 27, 2010 and January 30, 2012, respondent was ineligible to practice law due to his failure to remit his New Jersey Lawyers' Fund for Client Protection fee. Respondent was aware of his ineligibility but, due to financial problems, was unable to pay the fee. Although he intended to pay the fee when able, he continued to practice law despite his ineligibility in violation of RPC 5.5 (a) (1). Respondent handled two legal matters while he was ineligible. In mitigation, respondent paid all present and past fees due to the New Jersey Lawyers' Fund for Client Protection, and he cooperated with the OAE and freely acknowledged his misconduct. There were no aggravating circumstances. The OAE and respondent also agreed that a reprimand was the appropriate discipline for his practicing law while knowing he was ineligible.

In this application where the Committee is seeking an order pursuant to 22 NYCRR 603.3, respondent is precluded from raising any defenses except those enumerated under 22 NYCRR 603.3 (c), namely that: (1) there was a lack of notice or opportunity to be heard in the foreign jurisdiction constituting a deprivation of due process; (2) there was an infirmity of proof establishing the misconduct presented to the foreign jurisdiction; or (3) that the conduct for which the attorney was disciplined does not constitute misconduct in this jurisdiction.

Respondent, pro se, has not raised any defense as he has not answered this petition.

A review of the record establishes that respondent was afforded due process and that sufficient evidence established his admitted misconduct. Further, the conduct for which he was disciplined in New Jersey, practicing law while ineligible to do so, constitutes a violation of a parallel provision in this state (*see* Rules of Professional Conduct [22 NYCRR 1200.0] rule 5.5 [a]). Thus, the imposition of reciprocal discipline is appropriate.

In reciprocal proceedings, it is generally accepted that the state where respondent practiced law at the time and where the offense was committed has the greatest interest (*see Matter of Knudsen*, 109 AD3d 94 [1st Dept 2013]; *Matter of Deitch*, 109 AD3d 1 [1st Dept 2013]). A censure is also in accord with the mitigation presented, which includes respondent's lack of a

disciplinary history and respondent's conserving resources by entering into a consent to discipline. Moreover, this Court has imposed a censure under similar circumstances (*see Matter of Block*, 116 AD3d 163 [1st Dept 2014]; *Matter of Jones*, 60 AD3d 212 [1st Dept 2009]).

Accordingly, the Committee's petition for an order imposing discipline should be granted and respondent should be publicly censured in accordance with the discipline ordered by the Supreme Court of New Jersey.

FRIEDMAN, J.P., ACOSTA, MOSKOWITZ, RICHTER and CLARK, JJ., concur.

Respondent publicly censured.