[29 NYS3d 258]

In the Matter of Adam K. Block (Admitted as Adam Kenneth Block), a Suspended Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, March 17, 2016

APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kathy W. Parrino* of counsel), for petitioner.

*Adam K. Block*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Adam K. Block was admitted to the practice of law in the State of New York by the Second Judicial Department on March 23, 1994, under the name Adam Kenneth Block. Respondent's last business address listed on his registration with the Office of Court Administration (OCA) was within the First Department. Respondent was also admitted as an attorney and counselor-at-law in the State of New Jersey in 1993.

By order entered October 12, 2006, this Court suspended respondent for failure to file biennial registration statements with OCA. On December 20, 2007, this Court reinstated him after he brought his registration current on or about September 2007 (2007 NY Slip Op 87126[U]). Respondent has not registered or paid his fees since. On November 20, 2013, this Court suspended respondent, pursuant to Judiciary Law § 468-a, as part of a group of attorneys who failed to file biennial registration statements.

From September 2007 to December 2012, respondent was on the New Jersey Supreme Court's ineligible list for failure to pay annual registration dues. On March 7, 2013, the Supreme Court of New Jersey imposed a public reprimand for his violation of New Jersey Rules of Professional Conduct (RPC) rule 5.5 (a) (213 NJ 80, 61 A3d 145 [2013]). This Court granted the Departmental Disciplinary Committee's (DDC) reciprocal discipline motion and censured respondent on March 6, 2014 (116 AD3d 163 [1st Dept 2014]). Respondent defaulted in both proceedings.

On February 14, 2014, the New Jersey Supreme Court censured respondent for violating RPC rules 5.5 (a) and 8.1 (b) (217 NJ 21, 84 A3d 262 [2014]). On November 20, 2014, respondent received another censure for violating RPC rules 5.5 (a) and 8.1 (b) (220 NJ 33, 101 A3d 1077 [2014]).

The DDC now seeks an order pursuant to Judiciary Law § 90 (2) and Rules of the Appellate Division, First Department (22 NYCRR) § 603.3 suspending respondent from the practice

of law for six months, predicated upon similar discipline imposed by the Supreme Court of New Jersey's order dated September 10, 2015 (222 NJ 609, 120 A3d 943 [2015]). In the alternative, the DDC seeks an order sanctioning respondent as this Court deems appropriate. Respondent, pro se, has not answered the petition.

The only defenses to reciprocal discipline are enumerated at 22 NYCRR 603.3 (c), including a lack of notice and opportunity to be heard in the foreign jurisdiction, an infirmity of proof establishing the misconduct, and the misconduct at issue in the foreign jurisdiction does not constitute misconduct in New York.

As previously noted, respondent has not answered this petition, and therefore has not raised any defense. In any event, respondent had sufficient notice and opportunity to be heard in the New Jersey proceeding, which he defaulted on, the findings of the New Jersey court are not infirm but are supported by the record, and the misconduct for which he was disciplined in New Jersey constitutes misconduct in this jurisdiction. Specifically, the Supreme Court of New Jersey's September 10, 2015 order found that respondent violated RPC rules 1.1 (a) (gross neglect), 1.3 (lack of diligence), 1.4 (b) (failure to communicate with client), 5.5 (a) (practicing law while ineligible) and 8.1 (b) and New Jersey Rules of Court rule 1:20-3 (g) (3) (failure to cooperate with disciplinary authorities). This Court has previously found the misconduct at issue constitutes misconduct under the New York Rules of Professional Conduct (22 NYCRR 1200.0) (*see Matter of Gross*, 133 AD3d 35, 37 [1st Dept 2015] [attorney who was disciplined in NJ for violating, inter alia, RPC rules 1.3, 1.4 (b), 5.5 (a) and 8.4 (d) was reciprocally disciplined in New York based upon the misconduct]; *Matter of Schlem*, 308 AD2d 220, 222 [1st Dept 2003] [attorney found guilty in New Jersey of, inter alia, gross neglect, lack of diligence, failure to communicate and failure to cooperate with disciplinary proceeding, reciprocally disciplined in New York]).

As to the issue of sanctions, it is generally accepted that the jurisdiction where the respondent practiced law at the time of the offense and where the offense was committed has the greatest interest in the issue and the public policy considerations relevant to such disciplinary actions (*see Matter of Brandmayr*, 126 AD3d 131 [1st Dept 2015]; *Matter of Knudsen*, 109 AD3d 94 [1st Dept 2013]). This Court has not hesitated in imposing a reciprocal suspension where there has been neglect of a legal

matter combined with lack of diligence and failure to cooperate (*see Schlem* at 222; *Matter of Bosies*, 217 AD2d 358, 361-362 [1st Dept 1995]). A six-month suspension as a sanction for an attorney who has engaged in neglect and has a disciplinary history is within the range of sanctions imposed by this Court (*see e.g. Matter of Segal*, 123 AD3d 260, 262-263 [1st Dept 2014]).

Accordingly, the DDC's petition for reciprocal discipline should be granted and respondent suspended from the practice of law in the State of New York for a period of six months, effective nunc pro tunc to October 9, 2015, the effective date of his New Jersey suspension, and until further order of the Court.

MAZZARELLI, J.P., FRIEDMAN, RENWICK, MOSKOWITZ and RICHTER, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of six months, effective nunc pro tunc to October 9, 2015, and until further order of this Court.