Matter of Colarossi (2018 NY Slip Op 02761)





Matter of Colarossi


2018 NY Slip Op 02761


Decided on April 24, 2018


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2018
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

John W. Sweeny, Jr.,Justice Presiding,
Dianne T. Renwick
Rosalyn H. Richter
Ellen Gesmer
Anil C. Singh,Justices.


M-5478

[*1]In the Matter of Steven A. Colarossi, an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Steven A. Colarossi, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Steven A. Colarossi, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on June 18, 1990.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Yvette A. Rosario, of counsel), for petitioner.
Respondent pro se.



PER CURIAM


Respondent Steven A. Colarossi was admitted to the practice of law in the State of New York by the First Judicial Department on June 18, 1990. Respondent's last registered address listed with OCA was within the First Department. Respondent was admitted to practice in [*2]Connecticut in 1989 where he maintains an office for the practice of law. He was also admitted to practice in Massachusetts in 1991.
By order of this Court dated April 24, 1997, effective May 27, 1997, respondent was suspended from the practice of law as part of a mass suspension proceeding, until further order of this Court, for failure to file attorney registration statements and pay biennial registration fees (Matter of Attorneys in Violation of Judiciary Law § 468-a, 230 AD2d 366 [1st Dept 1997]). To date, respondent has not registered nor has he been reinstated in New York.
Respondent was administratively suspended in Massachusetts in 2000 for failure to pay required registration fees and again in 2009 for failure to cooperate with a disciplinary investigation of an unrelated matter. Neither administrative suspension has been lifted and respondent remains suspended in Massachusetts.
In March 2010, respondent was publicly reprimanded by the Connecticut Superior Court arising from the 2009 disciplinary proceeding in Massachusetts and based upon his using client funds for his own personal purposes, as well as accepting a loan from a client without proper documentation and conflict waiver. By order dated May 29, 2012, this Court, pursuant to former Rule 603.3, imposed reciprocal discipline and publicly censured respondent (97 AD3d 117 [1st Dept 2012]).
By order entered March 28, 2017, the Supreme Judicial Court of the Commonwealth of Massachusetts for Suffolk County suspended respondent for six months for professional misconduct committed during the course of a probate proceeding.
The Attorney Grievance Committee (AGC) moves, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and the doctrine of reciprocal discipline, for an order suspending respondent predicated upon the discipline imposed by the Supreme Judicial Court of Massachusetts, and directing him to demonstrate why discipline should not be imposed for the underlying misconduct, for a period of at least six months, or, in the alternative, sanctioning him as this Court deems appropriate under the circumstances.
Respondent, pro se, was served with the AGC's motion but has not submitted a response.
Respondent's discipline in Massachusetts arises from misconduct he committed in connection with a probate proceeding related to the settlement of his late father's estate. In or about 2007, the Probate Court for Suffolk County appointed respondent executor of his father's estate. Respondent and his brother were the only beneficiaries of the estate. As executor, respondent was required to file both an inventory and an accounting of the estate, which he failed to do, despite repeated demands from his brother.
In September 2008, several months after the accounting was due, the court ordered respondent to file the inventory and accounting by November 28, 2008 but respondent failed to do so. In or about February 2009, respondent's brother moved to have him held in contempt. Respondent failed to appear at the March 12, 2009 contempt hearing and he was found in contempt for failing to comply with the court's order directing him to submit an inventory and accounting for the estate. He did not appeal this finding. Respondent was directed to pay $500 in attorney's fees and fined $50 per day until the inventory and accounting were filed. The contempt hearing was continued on May 7, 2009 but respondent again failed to appear on that date and the court issued a capias and a further judgment of contempt by which respondent was ordered to pay $2,500 forthwith. The $50 per day fine remained in effect. The contempt hearing was continued on July 9, 2009 and again, respondent failed to appear. He was again found in contempt and ordered to pay attorney's fees of $1,000 and $5,500 in sanctions to his brother and a second capias was issued for his arrest.
In or about December 2009, respondent prepared an inventory, a proposed accounting which he demanded his brother's attorney assent to within seven days, absent which he would file them with the court, and paid $500 in partial payment of the attorney's fees awarded under the contempt judgments. Counsel required more time to review both and raised questions about certain items in the proposed accounting. Respondent did not respond to this inquiry and on December 29, 2009, he filed the inventory but not the proposed accounting, which, according to the Hearing Officer was improper in form, inaccurate and incomplete.
In September 2013, after learning that his brother filed a request for investigation with the [*3]Massachusetts Bar Counsel, respondent filed what he styled as a "revised first and final account" for his father's estate and a petition for an order of complete settlement, in response to which his brother filed objections. In April 2014, respondent resigned as executor of his father's estate. At the time of the disciplinary proceedings, no successor had been appointed, the estate had not been fully settled, respondent had not made any further payments toward the attorney's fees or sanctions imposed by the probate court, and the contempt findings against him had not been purged.
In August 2014, the Massachusetts Bar Council filed a Petition for Discipline charging respondent with violating Massachusetts Rules of Professional Conduct 3.4(c) (knowing disobedience of an obligation under the rules of a tribunal); 8.4 (d) (conduct prejudicial to the administration of justice); and 8.4(h) (other conduct that adversely reflects on fitness to practice law).
In June 2015, a hearing was held before a Hearing Officer who deemed certain allegations in the Petition for Discipline admitted based on respondent's failure to deny such in his amended answer. The Hearing Officer found that respondent failed to provide any excuse or justification for his disobedience of the probate court's judgments and orders, and, therefore, he was guilty of violating the three charges alleged.
On the issue of sanction, the Hearing Officer found that respondent's misconduct was aggravated by his prior disciplinary history. The Hearing Officer discounted the mitigation proffered by respondent that he suffered from depression, anxiety, and attention deficit hyperactivity disorder because the evidence, including his testimony and that of his psychologist, failed to establish that these conditions were a "substantial cause" of his failure to comply with his duties as executor.
As to her ultimate conclusion, the Hearing Officer recommended that respondent be suspended for six months based on his neglect of his father's estate, his adjudicated contempts, his repeated and extended disobedience of the court's orders both before and after he was found in contempt, and the harm he caused to his brother and the court system.
Respondent appealed to the Massachusetts Board of Bar Overseers (BBO), which, by memorandum decision dated March 7, 2016 rejected his "numerous appellate arguments" and adopted the Hearing Officer's misconduct findings and sanction recommendation of a six-month suspension.
A hearing was held before Associate Justice Hines of the Supreme Judicial Court of Massachusetts at which respondent appeared. By a report entered March 28, 2017, the court adopted the BBO's decision and suspended respondent for six months, effective immediately. This order forms the basis for the AGC's motion for reciprocal discipline.
The only defenses to reciprocal discipline are enumerated at 22 NYCRR 1240.13 to wit: a lack of notice and opportunity to be heard in the foreign jurisdiction; an infirmity of proof establishing the misconduct; or the misconduct at issue in the foreign jurisdiction would not constitute misconduct in New York (Matter of Hoffman, 34 AD3d 1, 2-3 [1st Dept 2006]). As respondent has defaulted, he has not raised any of the aforementioned defenses.
In addition, none of the defenses under 22 NYCRR 1240.13 apply to this matter. Respondent received notice of the misconduct allegations at issue and an opportunity to be heard in the Massachusetts proceeding. Moreover, the misconduct findings are fully supported by the record. Finally, respondent's misconduct in Massachusetts also constitutes misconduct under the New York Rules of Professional Conduct (22 NYCRR 1200.0), specifically: rule 3.4(c) (disregard of a standing rule of a tribunal or a ruling of a tribunal made in the course of a proceeding); rule 8.4(d) (conduct prejudicial to the administration of justice); and rule 8.4(h) (other conduct that adversely reflects on fitness as a lawyer).
Turning now to the appropriate sanction to be imposed, as a general rule in reciprocal discipline matters, we give significant weight to the sanction imposed by the jurisdiction in which the charges were initially brought (see Matter of Peters, 127 AD3d 103, 109 [1st Dept 2015]; Matter of Cardillo, 123 AD3d 147, 150 [1st Dept 2014]; Matter of Jaffe, 78 AD3d 152, 158 [1st Dept 2010]). Only in rare instances will we depart from this general rule (see Matter of Lowell, 14 AD3d 41, 48-49 [1st Dept 2004], appeal dismissed 4 NY3d 846 [2005], lv denied 5 [*4]NY3d 708 [2005]).
Here, a six-month suspension is in general accord with New York precedents involving similar misconduct (see e.g. Matter of Dorfman, 81 AD3d 59 [1st Dept 2011][one-year suspension for federal conviction for criminal contempt, aggravation included pre-conviction misconduct, repeated violations of court orders, and violations of probation terms]; Matter of Cutler, 227 AD2d 8 [1st Dept 1996][six-month suspension for federal conviction for criminal contempt based on willful failure to comply with a gag order]; Matter of Leeds, 87 AD2d 96 [2d Dept 1982][one-year suspension for conviction for criminal contempt, lack of remorse]; Matter of Murdter, 138 AD3d 1344 [3d Dept 2016][six-month suspension based on conviction for criminal contempt arising from neglect of criminal appeals assigned by the court]).
Accordingly, the AGC's motion for reciprocal discipline should be granted to the extent of imposing reciprocal discipline pursuant to 22 NYCRR 1240.13, and respondent should be suspended from the practice of law in this State for a period of six months, and until further order of this Court. In addition, respondent should remain suspended pursuant to the prior order of this Court entered April 24, 1997, and until further order of this Court (see Matter of Block, 138 AD3d 223 [1st Dept 2016]).
All concur.
Order filed. [April 24, 2018]
Petition is granted to the extent of suspending respondent from the practice of law in the State of New York for a period of six months, and until further order of this Court. In addition, respondent should remain suspended pursuant to the prior order of this Court entered April 24, 1997, and until further order of this Court.