Matter of Valvano (2020 NY Slip Op 04526)





Matter of Valvano


2020 NY Slip Op 04526


Decided on August 13, 2020


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 13, 2020
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. Rolando T. Acosta, Presiding Justice, Judith J. Gische, Troy K. Webber, Ellen Gesmer Jeffrey K. Oing, Justices.


&em;

[*1]In the Matter of James Valvano, (admitted as James Valvano, II), an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, James Valvano, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, as James Valvano, II, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Third Judicial Department on January 28, 1997.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Raymond Vallejo, of counsel), for petitioner.
Sarah D. McShea, Esq., for respondent.



PER CURIAM


Respondent James Valvano was admitted to the practice of law in the State of New York by the Third Judicial Department on January 28, 1997, under the name James Valvano II, and [*2]was also admitted as an attorney and counselor-at-law in the State of New Jersey in 1997. At all times relevant to this proceeding, he maintained an office for the practice of law within the First Judicial Department.
The Attorney Grievance Committee (Committee) seeks an order, pursuant to the doctrine of reciprocal discipline as set forth in Judiciary Law § 90(2) and the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13, censuring respondent predicated upon similar discipline imposed by the Supreme Court of New Jersey, or in the alternative, sanctioning respondent as this Court deems appropriate. Respondent, through counsel, does not oppose the motion, consents to the imposition of reciprocal discipline of censure, and raises no defenses to reciprocal discipline.
For the reasons set forth below, we now grant the Committee's motion to the extent of imposing reciprocal discipline on respondent in the form of public censure.
On May 14, 2018, the New Jersey Ethics Committee charged respondent with four counts of professional misconduct, to wit, unauthorized practice of law — practicing while ineligible; criminal conduct; conduct involving dishonesty, fraud, deceit or misrepresentation; and conduct prejudicial to the administration of justice.
The charges arose from an investigation undertaken pursuant to an ethics grievance brought by Magdy Mahmoud (Mahmoud), the CEO of the Garfield Urgent Care Center (GUCC), against respondent for actions taken during his representation of Dr. Daniel Edwards (Edwards), who was engaged in a contentious litigation with Mahmoud. The complaint asserted that respondent was administratively ineligible to practice law in New Jersey from November 2016 through April 3, 2017 for failing to satisfy his Continuing Legal Education (CLE) requirements, yet he continued to represent Edwards and engage in the practice of law in New Jersey. The complaint further alleged that in October 2016, upon respondent's advice, Edwards engaged a locksmith to change the locks to Mahmoud's office as well as to the GUCC entrance door, despite not having permission or legal authority to do so, and that respondent, with Edwards, repeatedly entered GUCC and Mahmoud's private office without permission. Finally, the complaint asserted that Mahmoud was physically prevented from entering GUCC and intimidated and threatened with harm by an unknown person brought by respondent to GUCC.
By answer dated September 5, 2018, respondent admitted having practiced law while administratively ineligible for failure to satisfy CLE requirements and denied having violated rules of professional conduct with respect to the remaining counts.
In June 2019, the Ethics Committee petitioned the Supreme Court of New Jersey Disciplinary Review Board (DRB) for imposition of discipline by consent. It submitted in support a stipulation of discipline by consent signed by all parties which incorporated and outlined the allegations contained in the complaint. By entering the stipulation, respondent agreed that the disciplinary action would proceed by way of motion for discipline by consent, for review on the written record and that no further documentation would be accepted by the DRB. In addition, respondent understood that the record would be submitted to the Supreme Court for further action. The motion also included respondent's affidavit of consent in which he agreed with the facts set forth in the stipulation of discipline by consent and admitted to violating the Rules of Professional Conduct (RPC) 5.5 and 8.4. He also acknowledged that he had not been subject to coercion or duress, that he was fully aware of the implications of submitting his consent, and that he freely consented to the proposed discipline of censure.
By letter to the Supreme Court of New Jersey dated October 22, 2019, the DRB advised that it had granted the motion for discipline by consent and determined to impose censure for respondent's violation of RPC 5.5(a) (unauthorized practice of law — practicing while ineligible), 8.4(b) (criminal conduct), and 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation), but concluded that the record contained no evidence that respondent had violated RPC 8.4(d) (conduct prejudicial to the administration of justice).
The DRB recognized that respondent had provided mitigating factors, which included his involvement in church, charitable, and community activities, health and medication issues related to a stroke in 2013, that he had no prior discipline in any jurisdiction, and that the parties had stipulated to an absence of aggravating factors. It further concluded that respondent's [*3]misconduct appeared to have been aberrational and was no more serious than that of attorneys in other censure cases.
By order dated December 4, 2019, the Supreme Court of New Jersey agreed with the DRB's decision and censured respondent for violations of RPC 5.5(a)(1), RPC 8.4 (b) and 8.4(c). This order is the basis of the Committee's reciprocal discipline motion.
In the instant proceeding seeking reciprocal discipline pursuant to 22 NYCRR 1240.13, the only defenses available to respondent are: (1) lack of notice or opportunity to be heard in the foreign jurisdiction so as to constitute a deprivation of due process; (2) an infirmity of proof establishing the misconduct presented to the foreign jurisdiction; and (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this State (22 NYCRR 1240.13[b][1-3]; Matter of McHallam, 160 AD3d 89 [1st Dept 2018]).
Respondent, through counsel, has not raised any defense and has consented to the imposition of reciprocal discipline.
A review of the record establishes that respondent was afforded due process and that sufficient evidence established his admitted misconduct. Further, the conduct for which he was disciplined in New Jersey constituted violations of parallel provisions of New York's Rules of Professional Conduct (22 NYCRR 1200.0) namely, rules 5.5(a) (unauthorized practice of law); 8.4(b) (illegal conduct); and 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation). The imposition of reciprocal discipline is therefore appropriate.
In reciprocal proceedings, this Court gives significant weight to the sanction imposed by the jurisdiction in which the charges were initially brought (see Matter of Byrne, 174 AD3d 180 [1st Dept 2019]). Moreover, a censure is in accord with the mitigation presented and this Court's precedent under similar circumstances (see Matter of Koplik, 168 AD3d 163 [1st Dept 2019]; Matter of Brandmayr, 126 AD3d 131 [1st Dept 2015]; Matter of Block, 116 AD3d 163 [1st Dept 2014]).
Accordingly, the Committee's motion should be granted, and respondent publicly censured.
All concur.
Order filed. [August 13, 2020]
The motion for reciprocal discipline is granted, and respondent is hereby publicly censured pursuant to 22 NYCRR 1240.13.