Matter of Hurwitz (2025 NY Slip Op 03018)

Matter of Hurwitz

2025 NY Slip Op 03018

Decided on May 20, 2025

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 20, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Tanya R. Kennedy
Justice Presiding

Motion No. 2025-01355|Case No. 2024-03508|

[*1]In the Matter of Andrew Scott Hurwitz A suspended attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Andrew Scott Hurwitz (OCA Atty Reg. 2880201), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Andrew Scott Hurwitz, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Third Judicial Department on May 12, 1998.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Andrea B. Carter, of counsel), for petitioner
Respondent, pro se.

Per Curiam 

Motion No. 2025-01355 — March 31, 2025
In the Matter of Andrew Scott Hurwitz, a suspended attorney
 Per Curiam
Respondent Andrew S. Hurwitz was admitted to the practice of law in the State of New York by the Third Judicial Department on May 12, 1998, under the name Andrew Scott Hurwitz. Respondent was also admitted in Pennsylvania. Respondent's last registered address was in the First Judicial Department.
On February 5, 2008, this Court suspended respondent from the practice of law, as part of a mass suspension proceeding, for failure to file attorney registration statements and pay biennial registration fees in violation Judiciary Law § 468-a (51 AD3d 1 [1st Dept 2008]). To date, respondent has not been reinstated and he remains suspended in New York. Respondent was also administratively suspended from the practice of law by the Disciplinary Board of the Supreme Court of Pennsylvania (PA Disciplinary Board) in October 2014.
In March 2021, respondent filed a petition for reinstatement from hisadministrative suspension with the PA Disciplinary Board. In his supporting affidavit, respondent acknowledged that while under administrative suspension, he drafted contracts, held himself out on the website LinkedIn as in house counsel, and held himself out on the internet as an attorney and general counsel for a company he founded.
In December 2021, respondent and the Pennsylvania Office of Disciplinary Counsel (ODC) filed a joint petition in support of discipline on consent in which respondent admitted that by engaging in the aforementioned conduct, he violated Pennsylvania Rules of Professional Conduct rules 5.5(a), 5.5(b)(1), 8.4(c), and Pennsylvania Rules of Disciplinary Enforcement rule 217(j). The parties stipulated to certain remedial actions and agreed that a six-month suspension was the appropriate sanction for respondent's misconduct.
By order entered February 25, 2022, the Supreme Court of Pennsylvania suspended respondent for six months on consent for having engaged in the unauthorized practice of law and holding himself out as a licensed attorney while under administrative suspension. On March 13, 2023, the Supreme Court of Pennsylvania found that respondent had complied with the terms of his six-month disciplinary suspension and returned him to administrative suspension status.
By motion dated February 5, 2025, the Attorney Grievance Committee (AGC) seeks an order, pursuant to Judiciary Law § 90(2), the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13, and the doctrine of reciprocal [*2]discipline, finding that respondent has been disciplined by a foreign jurisdiction, directing him to demonstrate why discipline should not be imposed in New York for the misconduct underlying his discipline in Pennsylvania, and suspending him for six months, or sanctioning him as this Court deems appropriate. Respondent has not appeared in this proceeding.
In a proceeding seeking reciprocal discipline under 22 NYCRR 1240.13, respondent may raise the following defenses: (1) lack of notice or opportunity to be heard in the foreign jurisdiction constituting a depravation of due process; (2) an infirmity of proof establishing the misconduct; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state (see Matter of Milara, 194 AD3d 108, 110 [1st Dept 2021]).
None of the enumerated defenses to reciprocal discipline could prevail here. First, respondent received notice of the allegations against him. Second, respondent freely and voluntarily entered the joint petition with the ODC admitting his misconduct and consenting to the discipline imposed with full awareness of his right to consult with counsel before doing so. Third, the record fully supports the Supreme Court of Pennsylvania's misconduct findings. Fourth, respondent's misconduct in Pennsylvania would also constitute misconduct in New York in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rules 5.5(a) ("[a] lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction") and 8.4(c) (it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation").
With respect to the sanction, this Court generally defers to the sanction imposed by the jurisdiction in which the charges were originally brought because the foreign jurisdiction has the greatest interest in fashioning sanctions for the misconduct (see Matter of Milara, 194 AD3d at 111; Matter of Tabacco, 171 AD3d 163, 165 [1st Dept 2019]; Matter of Blumenthal, 165 AD3d 85, 86 [1st Dept 2018]). Here, a six-month suspension is the appropriate reciprocal discipline because it is commensurate with the discipline imposed by Pennsylvania and is consistent with this Court's precedent involving arguably comparable misconduct for which suspensions have ranged between three months and one year (see e.g. Matter of Beskardes, 209 AD3d 85 [1st Dept 2022]; Matter of McHale, 162 AD3d 117 [1st Dept 2018]; Matter of Block, 138 AD3d 223 [1st Dept 2016]; Matter of Koenig, 104 AD3d 221 [1st Dept 2013]).
Accordingly, the AGC's motion should be granted and respondent is suspended from the practice of law for a period of six months, effective immediately, and until further order of this Court, with his current suspension for failure to meet his registration obligations to remain extant (Matter of Milara, 194 AD3d at 111).
All concur.
Wherefore, it is Ordered [*3]that the motion by the Attorney Grievance Committee for the First Judicial Department for reciprocal discipline, pursuant to Judiciary Law § 90(2) and 22 NYCRR 1240.13, Andrew Scott Hurwitz, is granted, and respondent is suspended from the practice of law for a period of six months, effective immediately, and until further order of this Court, with his current suspension for failure to meet his registration obligations to remain extant; and
It is further Ordered that, pursuant to Judiciary Law § 90, respondent, Andrew Scott Hurwitz, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, respondent, Andrew Scott Hurwitz, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, Andrew Scott Hurwitz, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: May 20, 2025