Matter of Resnick

2026 NY Slip Op 02605

April 28, 2026

Appellate Division, First Department

Per Curiam

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Barbara Jayne Resnick, a Suspended Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Barbara Jayne Resnick (OCA Atty. Reg. No. 2664662), Respondent.

Supreme Court, Appellate Division, First Judicial Department

Decided and Entered: April 28, 2026

Motion No. 2025-06352|Case No. 2025-07546|

Present — Hon. Troy K. Webber, Justice Presiding, Saliann Scarpulla, Martin Shulman, Julio Rodriguez III, Marsha D. Michael

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York City (Gina M. Patterson, of counsel), for petitioner.

Gregory J. Gallo, Esq., for respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Barbara Jayne Resnick, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on April 5, 1995.

Per Curiam

[*1]

Respondent Barbara J. Resnick was admitted to the practice of law in the State of New York by the Second Judicial Department on April 5, 1995, under the name Barbara Jayne Resnick. Respondent was also admitted to the Connecticut bar on December 12, 1994. At all times relevant to this proceeding, respondent maintained a registered address in the First Department.

On November 20, 2013, this Court suspended respondent from the practice of law as part of a mass suspension proceeding for failure to file attorney registration statements and to pay biennial registration fees in violation of Judiciary Law § 468-a. To date, respondent has not been reinstated and remains suspended in New York.

On March 10, 2023, the Statewide Grievance Committee of Connecticut imposed a public reprimand against respondent for violating rule 5.5(a) of the Connecticut Rules of Professional Conduct (CRPC). The grievance panel found probable cause that respondent engaged in misconduct by violating rules 5.5(a) and 8.4(4) of the CRPC by holding herself out to be an attorney while she was administratively suspended from the practice of law in Connecticut due to her failure to pay the Client Security fees. Respondent had been placed on administrative suspension eight times since 2010 for failing to pay the required Client Security Fund fee. During various periods of suspension, respondent held herself out as an attorney while representing the Shelton Police Union before the State of Connecticut Labor Board.

Respondent agreed to the proposed disposition issued by the Statewide Grievance Committee on January 31, 2023. In her affidavit, respondent acknowledged that "there is sufficient evidence to prove by clear and convincing evidence the material facts constituting a violation of Rule 5.5(a) of the Rules of Professional Conduct in that I held myself out as an attorney during a time when I was administratively suspended from the practice of law in the State of Connecticut."

On consent, respondent was publicly reprimanded and directed by Connecticut's Statewide Grievance Committee to complete three continuing legal education credits in legal ethics.

Following the issuance of the public reprimand, respondent was again administratively suspended in Connecticut on October 3, 2023 for her failure to pay the Client Security Fund fees. She was reinstated in Connecticut on November 28, 2023, and remains in good standing.

The Attorney Grievance Committee (AGC) presently seeks an order, pursuant to Judiciary Law § 90(2), 22 NYCRR 1240.13 (a) and (b), and the doctrine of reciprocal discipline, finding that respondent has been disciplined by a foreign jurisdiction, directing her to demonstrate why discipline should not be imposed in New York for the misconduct underlying her discipline in Connecticut, and publicly censuring respondent, or, in the alternative, imposing sanctions as the Court deems just and proper under the circumstances.

[*2]

In a reciprocal discipline proceeding, the respondent may raise the following defenses, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13(b): (1) lack of notice or opportunity to be heard in the foreign jurisdiction constituting a depravation of due process; (2) an infirmity of proof establishing the misconduct; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state (see Matter of Milara, 194 AD3d 108, 110 [1st Dept 2021]).

None of the enumerated defenses are available here. Respondent received adequate notice of the Connecticut disciplinary proceeding and had a full opportunity to be heard. The disciplinary determination was predicated on respondent's own admission that she held herself out as an attorney while administratively suspended from the practice of law in Connecticut. And the conduct for which respondent was disciplined in Connecticut would constitute professional misconduct in New York. Rule 5.5(a) of the CRPC and rule 5.5(a) of the New York's Rules of Professional Conduct (22 NYCRR 1200.0) prohibit the unauthorized practice of law.

With respect to the sanction, as a general rule this Court defers to the sanction imposed by the jurisdiction in which the charges were originally brought because the foreign jurisdiction has the greatest interest in fashioning sanctions for misconduct (see Matter of Milara, 194 AD3d at 111; Matter of Tabacco, 171 AD3d 163 [1st Dept 2019]; Matter of Blumenthal, 165 AD3d 85 [1st Dept 2018]). Only rarely does this Court depart from the general rule (see Matter of Karambelas, 203 AD3d 75 [1st Dept 2022]; Matter of McHallam, 160 AD3d 89 [1st Dept 2018]).

We find that a public reprimand is the appropriate sanction in this matter as it is commensurate with the discipline imposed in Connecticut and consistent with this Court's precedent addressing comparable misconduct (see Matter of Valvano, 186 AD3d 1 [1st Dept 2020]; Matter of Block, 116 AD3d 163 [1st Dept 2014]). Respondent's mitigating arguments do not warrant a lesser sanction.

Accordingly, the AGC's motion should be granted, and respondent publicly censured.

All concur.

Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for reciprocal discipline, pursuant to 22 NYCRR 1240.13 and Judiciary Law § 90(2), is granted, and respondent, Barbara Jayne Resnick, is publicly censured.

Entered: April 28, 2026