Matter of Chirico (2020 NY Slip Op 04741)





Matter of Chirico


2020 NY Slip Op 04741


Decided on August 26, 2020


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
JEFFREY A. COHEN, JJ.


2019-10498

[*1]In the Matter of Vincent Chirico, an attorney and counselor-at-law. (Attorney Registration No. 2591220)



The respondent, Vincent Chirico, was admitted to the Bar in the State of New York at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on April 13, 1994. By order to show cause dated September 24, 2019, this Court directed the respondent to show cause why discipline should not be imposed upon him in this State pursuant to 22 NYCRR 1240.13 for the misconduct underlying the discipline imposed by an order of the Supreme Court of New Jersey filed July 24, 2019, by filing an affidavit in accordance with 22 NYCRR 1240.13(b) with the Clerk of this Court, with proof of service upon the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, on or before November 15, 2019.



Diana Maxfield Kearse, Brooklyn, NY (Sasha N. Holguin of counsel), for Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts.
McElroy, Deutsch, Mulvaney & Carpenter, LLP (Joseph P. La Sala of counsel), for respondent.



PER CURIAM.


OPINION & ORDER
By order filed July 24, 2019, the Supreme Court of New Jersey suspended the respondent from the practice of law for a period of three months, effective August 19, 2019.
New Jersey Proceedings 
In 2014, the respondent was retained by Patriot Settlement Resources, LLC (hereinafter Patriot), in an action pursuant to the New Jersey Structured Settlement Protection Act (NJ Stat. Ann. 2A:16-63 et seq. ) seeking approval of the purchase of structured settlement payment rights from Richard Heckel. Heckel, who had been injured at birth due to medical malpractice and apparently suffered from cerebral palsy, was awarded a settlement/annuity for his injuries and was seeking to sell a portion of the settlement. He had sold other portions of the settlement prior to the instant attempted sale. Heckel was represented in the transaction by Gregory K. Mueller.
Judge Craig L. Wellerson, who presided over the Patriot matter, denied Patriot's application after a hearing and then referred the matter to the New Jersey Office of Attorney Ethics (hereinafter OAE) for investigation. According to a subsequent decision of the Supreme Court of New Jersey Disciplinary Review Board (hereinafter DRB) agreeing with the findings and recommendations of a District II-A Ethics Committee (hereinafter DEC) hearing panel, Judge Wellerson was concerned by the size of the sale and its effect on Heckel's future quality of life, the fact that Patriot's counsel (the respondent) and Heckel's counsel (Mueller) shared the same address, and, given Heckel's disability, his ability to communicate with counsel and navigate "this complex sale of life-contingent payments." Additionally, although the application had been filed in Ocean County, Judge Wellerson learned that Heckel resided in Atlantic County and noted that proceedings [*2]for the sale of settlements must be filed in the county where the seller resides. When Judge Wellerson inquired how Heckel came to be represented by Mueller's firm, the Mueller Law Group, which was located in Bergen County, Heckel replied "through the phonebook." Judge Wellerson then asked the respondent whether he had referred the matter to the Mueller Law Group, and the respondent denied having done so.
Nevertheless, at the DEC hearing, the respondent admitted that "in hindsight" his denial that he had referred the matter to the Mueller Law Group was not true. During an OAE interview, the respondent explained that he never intended to mislead the court; rather, he had been confused and "taken aback" when Heckel indicated that he obtained Mueller's name from the phonebook. The respondent later clarified that he never spoke to Heckel, but rather referred him to Mueller "indirectly through Patriot, with whom Heckel had been communicating at length" (emphasis omitted). The respondent further indicated to OAE counsel that he had at least one off-the-record discussion with Judge Wellerson in which he corrected his statement about the referral to Mueller and then "back on the record" as well. Yet, at the DEC hearing, the respondent testified that he did not correct the court on the record with respect to whether he had referred the case to Mueller.
The DRB decision indicates that the respondent's relationship to Mueller dates to the mid-2000s, when Mueller was of counsel to the firm Silverman, Sclar, Shin and Byrne (hereinafter the Silverman firm). The respondent became a partner at the Silverman firm several years later and remained there until 2012, when he left to start a solo practice. In 2012 or 2013, the respondent and Mueller became of counsel to each other's firms, and Mueller was listed on the respondent's letterhead. Likewise, the respondent's picture and biography appeared on the Mueller Law Group's website as of counsel to the firm, although Mueller maintained that this did not occur until after papers had been filed in the Patriot matter. According to Mueller, he had "forgotten" that his name was on the respondent's letterhead, and he stated that the "of counsel" relationship was never formalized. The respondent denied any involvement in negotiating the Heckel transaction, asserting that Patriot and Heckel had done so.
After its investigation, OAE filed a complaint dated December 17, 2015, against the respondent, alleging that he had engaged in a conflict of interest by representing Patriot in the transaction despite having an "of counsel" relationship with Mueller, in violation of New Jersey Rules of Professional Conduct (hereinafter RPC) rule 1.7(a)(2) (concurrent conflict of interest). The respondent was also charged with violating RPC rule 3.3(a)(1) and (5) (false statement of material fact or law to a tribunal and failure to disclose to the tribunal material facts, knowing the omission is reasonably certain to mislead the tribunal), RPC rule 8.4(c) (conduct involving dishonesty, fraud, deceit, or misrepresentation) and (d) (conduct prejudicial to the administration of justice), and RPC rule 1.15(d) (failure to maintain New Jersey trust and business accounts).
After the respondent filed a verified answer, a hearing was held before the DEC on October 19, 2017, and October 20, 2017. The respondent appeared with counsel and testified on his own behalf. He also called two character witnesses. In a report dated April 9, 2018, the DEC found by clear and convincing evidence that the respondent had engaged in the misconduct alleged in the complaint and recommended a three-month suspension.
On September 20, 2018, the respondent appeared before the DRB with counsel and argued that in the event a sanction was to be imposed, a reprimand was warranted in lieu of suspension.
In a decision dated December 6, 2018, following a de novo review of the record, a five-member majority of the DRB agreed with the findings of the DEC and determined that a three-month suspension of the respondent was warranted.
In a dissent dated December 6, 2018, a three-member minority contended that a suspension of the respondent was unduly harsh under the circumstances and recommended a censure. Among other things, the dissent cited the circumstances under which the alleged misrepresentation to the court was made; mitigating factors, including an unblemished ethics record of more than 20 years and strong character evidence; and the lack of harm to the client from the misconduct.
In an order filed July 24, 2019, the Supreme Court of New Jersey suspended the respondent for a period of three months, effective August 19, 2019, based upon its review of the DRB's decision. In a letter dated August 20, 2019, the respondent notified this Court of the disciplinary action taken by New Jersey.
The respondent was reinstated to the practice of law in New Jersey, effective [*3]immediately, by order dated February 27, 2020.
New York Proceedings 
By order to show cause dated September 24, 2019, this Court directed the respondent to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by the order of the Supreme Court of New Jersey filed July 24, 2019, by filing an affidavit in accordance with 22 NYCRR 1240.13(b) with the Clerk of this Court, with proof of service upon the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, on or before November 15, 2019.
In response to this Court's order to show cause, the respondent argues that "reciprocal discipline should not be imposed under the facts presented," relying upon the "infirmity of proof" defense enumerated in 22 NYCRR 1240.13(b)(2).
The Grievance Committee argues that the respondent has not shown cause to question the basis of the DRB's findings.
The respondent has no prior disciplinary history, either in this State or New Jersey.
Findings and Conclusion 
We find that reciprocal discipline is warranted based on the findings of the Supreme Court of New Jersey. Contrary to the respondent's contention, the OAE established by clear and convincing evidence that he engaged in a conflict of interest by appearing opposite Mueller in the Patriot transaction, in violation of RPC rule 1.7(a)(2); that he knowingly misled the New Jersey Superior Court and engaged in conduct prejudicial to the administration of justice, in violation of RPC rule 3.3(a)(1) and (5), and RPC rule 8.4(c) and (d); and that he failed to maintain proper attorney trust and operating accounts, in violation of RPC rule 1.15(d). Under the circumstances, we find that a three-month suspension is warranted.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and COHEN, JJ., concur.
ORDERED that pursuant to 22 NYCRR 1240.13, the respondent, Vincent Chirico, is suspended from the practice of law for a period of three months, commencing September 25, 2020, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than November 26, 2020. In such application (see 22 NYCRR 691.11, 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), and (3) otherwise properly conducted himself; and it is further,
ORDERED that during the period of suspension and until further order of the Court, the respondent, Vincent Chirico, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of the Court, the respondent, Vincent Chirico, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Vincent Chirico, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court