Matter of Mueller (2021 NY Slip Op 01485)





Matter of Mueller


2021 NY Slip Op 01485


Decided on March 11, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 11, 2021
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Rolando T. Acosta,P.J.,
Cynthia S. Kern
Jeffrey K. Oing
Manuel J. Mendez
Martin Shulman, JJ.


Motion No. 2020-04091 Case No. 2020-04913 

[*1]In the Matter of Gregory K. Mueller, (Admitted as Gregory Karl Mueller) an Attorney and Counselor-at Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Gregory K. Mueller (OCA Atty. Reg. No. 2582385), Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Third Judicial Department on December 2, 1993.




Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Raymond Vallejo, Esq., of counsel), for petitioner.
Randy Tesser, Esq., for respondent.



Per Curiam 


Respondent Gregory K. Mueller was admitted to the practice of law in the State of New York by the Third Judicial Department on December 2, 1993, under the name Gregory Karl Mueller. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.
Respondent is also admitted to practice law in New Jersey. By order entered July 24, 2019, the Supreme Court of New Jersey reprimanded respondent for engaging in a concurrent conflict of interest and failure to supervise another lawyer.
The Attorney Grievance Committee (the Committee) now seeks an order pursuant to Judiciary Law § 90(2), the Rules for Attorney Disciplinary Matters (22 NYCRR) §1240.13, and the doctrine of reciprocal discipline, finding that respondent has been disciplined by a foreign jurisdiction, directing him to demonstrate why he should not be disciplined in New York based on his discipline in New Jersey, imposing the sanction of public censure, or, alternatively, sanctioning respondent as this Court deems appropriate. Respondent does not oppose the Committee's application.
This matter arises from respondent's representation of Richard Heckel in the matter entitled In the Matter of Patriot Settlement Resources LLC and Richard Heckel (Patriot case), commenced in the Superior Court of New Jersey, Ocean County in 2014. Vincent Chirico, Esq. represented Patriot in the case, which was brought pursuant to the New Jersey Structured Settlement Protection Act (NJ Stat Ann § 2A:16-63 et seq.) seeking approval of the purchase of structured settlement payment rights from Heckel.
During the course of the Patriot action, an issue arose regarding the relationship between respondent and Chirico, which resulted in the presiding judge, the Honorable Craig L. Wellerson, P.J. Cv., filing a grievance letter dated November 21, 2014 with the New Jersey Office of Attorney Ethics (OAE). By disciplinary complaint dated December 28, 2015, the OAE charged respondent with having violated New Jersey Rules of Professional Conduct (RPC) rules 1.7(a)(1) and (2) (concurrent conflict of interest) and RPC 5.1(a), (b) and (c) (failure to supervise another lawyer).
In October 2017 the District Ethics Committee (DEC) held a joint hearing.[FN1] Respondent, who was represented by counsel, testified and presented evidence in mitigation, including but not limited to an unblemished ethics record. In April 2018 the DEC issued a report finding respondent violated both ethical rules charged and recommended a reprimand.
Following a de novo review, the Disciplinary Review Board (DRB) issued a report in December 2018 agreeing with the DEC's finding that a reprimand was warranted. The DRB concluded that respondent and Chirico both "engaged in a conflict of interest, a violation of RPC 1.7(a)(1), by representing clients with adverse interests."
Summarizing [*2]the DEC's findings, the DRB determined that respondent and Chirico "held themselves out to courts, the Bar, and the public as having a professional relationship." Evidence in the record indicated that they were "of counsel" to each other's firms; Chirico used respondent's office address on his letterhead; they were on each other's malpractice insurance policies; and Chirico's name appeared on respondent's website. The DRB noted that respondent did not advise Heckel of the conflict or obtain his informed written consent to the representation but found it "unlikely that the conflict could have been waived."
The DRB further concluded that respondent violated RPC 5.1(b) by failing to make reasonable efforts to ensure that his associate did not engage in conduct amounting to a conflict of interest. This determination was based upon respondent's failure to supervise the associate attorney to whom he assigned the Patriot case, who ultimately neglected the matter. Respondent had limited prior experience with structured settlement transactions, while his associate had two years of legal experience but had never handled such a matter. Respondent also directed his associate to confer with Chirico without revealing their professional relationship.
The DRB's decision was filed with the court and by order entered July 24, 2019 the Supreme Court of New Jersey reprimanded respondent.
In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 1240.13(b), a respondent may raise the following defenses: (1) lack of notice or opportunity to be heard in the foreign jurisdiction constituting a deprivation of due process; (2) infirmity of proof establishing the misconduct; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state.
In response to the Committee's motion, respondent interposes an affirmation stating that he accepts the Supreme Court of New Jersey's finding that he engaged in a conflict of interest and expressing remorse for his conduct, for which he takes full responsibility. Respondent requests that any public discipline imposed be limited to public censure.
Notwithstanding that respondent does not raise any of the above defenses, none of them applies. Respondent, who was represented by counsel, was on notice of the allegations against him, answered the disciplinary complaint, testified at the DEC hearing and participated in oral argument before the DRB. Furthermore, the record herein amply supports the misconduct findings in New Jersey. Finally, respondent's misconduct in New Jersey would also constitute professional misconduct in New York under RPC 1.7(a) and 5.1, which have corresponding language to New York's Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.7(a) and 5.1.
As to the appropriate sanction, the Committee requests, and respondent does not oppose, that a public censure be imposed. As a general rule in reciprocal disciplinary matters, this Court [*3]gives significant weight to the sanction imposed by the jurisdiction in which charges were initially brought (see Matter of Valvano, 186 AD3d 1, 5 [1st Dept 2020]; Matter of Byrne, 174 AD3d 180, 183-184 [1st Dept 2019]). Public censure is the equivalent to a reprimand in New Jersey and this Court has previously imposed public censures for similar misconduct (see Matter of Papazian, 170 AD3d 56, 59 [1st Dept 2019]; Matter of Baldinger, 109 AD3d 322, 329 [1st Dept 2013]).
Accordingly, the Committee's motion for reciprocal discipline should be granted and respondent publicly censured.
All concur.
It is Ordered that the Attorney Grievance Committee's motion for reciprocal discipline pursuant to 22 NYCRR 1240.13, predicated upon similar discipline imposed by the Supreme Court of New Jersey, is granted, and
It is further Ordered that respondent, Gregory K. Mueller, (admitted as Gregory Karl Mueller) is hereby publicly censured for his misconduct.
Entered: March 11, 2021



Footnotes

Footnote 1: The disciplinary proceeding against respondent was consolidated to include Chirico, who ultimately was suspended from practicing law for three months. Chirico, who is also admitted to practice law in New York, was reciprocally suspended for his conduct in New Jersey (see Matter of Chirico, 187 AD3d 5 [2d Dept 2020]).